No. 17,367.

EATON, TREASURER, v. UNION COUNTY NATIONAL BANK.

TAXES.—*State Board of Tax Commissioners.— Original Jurisdiction.— Extent of Authority to Order Addition.—Injunction.*—The State Board of Tax Commissioners has no original jurisdiction to revise individual tax lists other than railroad property and the equalization of assessments of real estate; and not having the power themselves, they can not order an addition to be made by the county auditor, and taxes arising from such addition are illegal and void, and may be enjoined.

SAME.—*Lists Required of Banking Corporations.—Statute Construed.*— Section 59 of the tax law of 1891 (section 8469, R. S. 1894), does not apply to banking corporations, but the lists required of such corporations are prescribed by sections 60 and 61 of such act.

From the Union Circuit Court.

*T. D. Evans*, for appellant.

*L. H. Stanford*, for appellant.

HACKNEY, J.—The appellee, a National banking association organized pursuant to, and engaged in banking under, the laws of the United States, returned to the proper township assessor and to the county auditor duplicate lists of assessment for taxation of its capital stock for the year 1891. The valuation of such stock was made by the township assessor corresponding with that returned by the appellee and before the county assessor and the county board of review the same valuation was maintained without objection or question. Without appeal, but upon the assumption of supposed original jurisdiction, the State Board of Tax Commissioners increased said valuation $20,000, and certified such action to the county auditor, with instructions to increase such valuation in such sum and to add and extend the tax thereon against the appellee. Obeying the direction of the State Board of Tax Commissioners, said additional tax

was extended on the duplicate against the appellee and the appellant threatened to enforce the same. By its complaint, in this suit, the appellee sought and obtained an injunction against the collection of such added tax.

The only alleged error in the proceedings of the circuit court is in overruling the appellant's demurrer to said complaint.

It has several times been held that under the act of March 6, 1891 (Acts 1891, p. 199, R. S. 1894, section 8408 *et seq.*), the State Board of Tax Commissioners possessed no original jurisdiction for the assessment and valuation of property such as that of the appellee, and that the assumption of such jurisdiction was void. *Cummings, Treas.*, v. *Stark*, 138 Ind. 94; *Jones, Treas.*, v. *Rushville, etc., Bank*, 138 Ind. 87; *First Nat'l Bank, etc.*, v. *Brodhecker, Treas.*, 137 Ind. 693; *Conzman, Treas.*, v. *First Nat'l Bank, etc.*, 137 Ind. 698; *Hauch, Treas., etc.*, v. *Terre Haute Brewing Co.*, 137 Ind. 698; *Hauck, Treas., etc.*, v. *First Nat'l Bank, etc.*, 138 Ind. 700; *Conzman, Treas., etc.*, v. *Terre Haute Brewing Co.*, 138 Ind. 696.

While conceding the effect of the cases cited, the appellant's counsel suggests that the rule held by them should not obtain. We have no doubt of the correctness of the rule laid down in those cases, and have no suggestion or authority from the appellant shaking our faith in the holdings cited.

But one other objection is made to the appellee's complaint, and that certainly proceeds from oversight by appellant's counsel. He urges that section 59 of the tax law of 1891, R. S. 1894, section 8469, required the appellee to make out, as the proper basis of valuations, certain statements therein enumerated; that, having failed to allege the making of such statements, the appellee did not show that compliance with its

duties as entitled it to ask equitable interference with the effort to enforce such unauthorized tax. The statements enumerated are required of "every company, association, or person not incorporated for banking purposes under any law of this State or of the United States." The lists required of the appellee were prescribed by sections 60 and 61 of the act in question, compliance with which was properly alleged, and the provisions of section 59, instead of applying to the appellee, expressly exempted the appellee from their application. Neither of the objections urged to the complaint is tenable, and the judgment of the circuit court is affirmed.

Filed May 1, 1895.