## SCOTT, AUDITOR, ET AL. *v.* BARR.

[No. 9,008.   Filed November 25, 1914.   Rehearing denied January 6, 1915.]

1. TAXATION.—*Action to Enjoin Increased Assessments.—Complaint.—Sufficiency.*—A complaint to enjoin the placing upon the county tax duplicates of an increase in the assessment made by the State Board of Tax Commissioners on all personal property in the county, and to enjoin the collection of the taxes on such increased assessment, was sufficient to withstand a demurrer where, in addition to all other necessary averments, it showed that notice to the taxpayers of the county had not been given in compliance with §§10295, 10296 Burns 1914, Acts 1905 p. 105.   p. 510.

2. TAXATION.—*Action to Enjoin Increased Assessments.—Answer. —Sufficiency.*—In an action to enjoin the placing upon the tax duplicates of a county an increase in the assessment made by the State Board of Tax Commissioners on all personal property in the county, and to enjoin the collection of the taxes on such increased assessment, on the ground that the order of the state board was void for lack of notice to taxpayers in compliance with §§10295, 10296 Burns 1914, Acts 1905 p. 105, an answer which failed to allege that the board of county commissioners was in session after the auditor had been notified of the intention of the state board, was insufficient.   p. 510.

3. TAXATION.—*Increase of Assessments.—Validity.—Notice.—Jurisdiction of State Board of Tax Commissioners.*—An increase made by the State Board of Tax Commissioners on all the personal property in a certain county is invalid, where the only notice given by the auditor of the county was the posting and publication of notice to the taxpayers, since a taxpayer has the right to presume the board of county commissioners will perform its duty and take all steps necessary to protect the rights of taxpayers of the county, thus making the provision of §10296 Burns 1914, Acts 1905 p. 105, relating to notifying and calling in session the board of county commissioners, as essential to the jurisdiction of the State Board of Tax Commissioners in such matter as is the requirement for the posting and publishing of notice to the taxpayers.   p. 513.

From Knox Circuit Court; *Ben M. Willoughby*, Judge.

Action by Joseph H. Baar against John T. Scott, as Auditor of Knox County, and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Thomas M. Honan*, Attorney-General, *William M. Alsop* and *James M. House*, for appellants.

*L. A. Meyer, James W. Emison, W. H. Hill* and *C. B. Kessinger*, for appellee.

IBACH, J.—Action by appellee as a taxpayer of Knox County, to enjoin appellant Scott, as auditor of said county, from placing on the tax duplicates of the county a ten per cent increase in the assessment of all personal property in the county made by the State Board of Tax Commissioners, and to enjoin appellant Ruble, as treasurer of the county from attempting to collect taxes on the increased assessment. Appellee in his complaint alleged that the order of the State Board of Tax Commissioners was void because it did not comply with the statutes of the State, in that notice was not given to the taxpayers of the county as provided in §§10295, 10296 Burns 1914, Acts 1905 p. 105, and that the auditor of 'Knox County did not, as provided by said section, call the board of county commissioners of said county to meet in special session on a day fixed by him within five days of the receipt of the certificate as provided in said act, and said board was not in regular session within said five days or at any other time when said board might take action regarding said purported action of said State Board of Tax Commissioners. A demurrer to the complaint was overruled, and a demurrer sustained to the special answer filed by appellants showing what steps had been taken to notify the taxpayers. Trial was had on an agreed statement of facts and the court found for appellee and rendered judgment accordingly.

The trial court did not err in overruling demurrers to the complaint, for the reason that the complaint on its

face shows that notice to the taxpayers of Knox

1. County had not been given in compliance with §§10295, 10296 Burns 1914, Acts 1905 p. 105, and in other respects contained all necessary averments to

2. entitle the plaintiff to the relief asked. The demurrer was properly sustained to the second paragraph of answer, since it failed to aver that the board of county commissioners had been called in session, or were in session, after the auditor had been notified of the intention of the State Board of Tax Commissioners to increase the tax rate in Knox County. The reason for this holding will appear in the discussion of the motion for new trial.

The only question of importance in the case is whether, under the procedure followed, the increase ordered by the State Board of Tax Commissioners is valid. We quote so much of the agreed statement of facts as is relevant to this question. "The State Board of Tax Commissioners of the State of Indiana, during the first five days of its second session in the year 1913, considered the assessments of personal property of the various counties of the State, and determined the counties in which the assessments of personal property appeared to be too low; and said State Board of Tax Commissioners fixed a day in their regular next succeeding meeting, to wit, July 30, 1913, which time was more than fifteen days from the expiration of the first five days of the said second session of said board, when said board would consider the matter of the increase of the assessments of personal property of said Knox County; and said State Board of Tax Commissioners then and there made an order directing the manner in which a hearing might be had with reference to said matter, and provided in said order that any representative of the board of commissioners of said Knox County, or any taxpayer therein, might appear in person or by attorney, and be heard with reference to the proposed increase of the assessment of personal property of said county, and provided that said hearing would be

held in the office of the State Board of Tax Commissioners in room 35 of the State House at Indianapolis. Within the first five days of the second session of said board, said board certified to the auditor of said Knox County, the fact of the determination of said board to consider the matter of the increase of the assessments of personal property in said county, and that said proposed increase of assessments appertained to personal property only, that said certificate to said auditor named July 30, 1913, as the day on which a hearing would be had on said matter, and said certificate was accompanied by an order directing the manner in which a hearing might be had. Upon receipt of said certificate the said auditor of Knox County gave notice of the time, place and object of said hearing by posting one copy of said notice at the courthouse door in said county, and by one publication thereof in the first issue thereafter of two newspapers of different politics, published in said county, to wit, the Vincennes Capital, and the Vincennes Western Sun, one of which papers was a daily paper, a copy of which said notice is as follows, to wit:

'Notice to Taxpayers, Vincennes, Indiana, July 11, 1913. The taxpayers of Knox County, Indiana, are hereby notified that the State Board of Tax Commissioners has fixed the 30th day of July, 1913, at 9:30 a. m. at the office of said board, for the consideration of the assessments of personal property of Knox County, for the purpose of equalizing said assessments and for the purpose of considering the matter of increasing the assessments of the personal property of said county, and to determine the rates of addition to or reduction from the listed or assessed valuation of said property in said county. At such hearing any representative of the board of county commissioners or any taxpayer of said county, may appear in person, or by attorney, and be heard. This hearing has nothing to do with appeals from county board of review.

Witness my hand and official seal this 11th day of July,

1913. (Seal). John T. Scott, Auditor, Knox County, Indiana.'

Said notice was published July 11, 1913. Said auditor or Knox County did not, within five days from the receipt of said certificate above referred to, call the board of commissioners of said Knox County to meet in special session on a day fixed by him, and said board of commissioners was not in regular session any time within said time, and was not in regular or special session during the month of July, 1913, after the tenth day thereof, and said board of commissioners did not know of said hearing until after July 30, 1913. At the time fixed for such hearing no representative of the board of county commissioners of said Knox County, and no taxpayer to be affected by said proposed increase of assessment, appeared either in person or by attorney. After the hearing provided for by law relating to the increase of the assessment of personal property in the various counties, including the said county of Knox, had been concluded, said State Board of Tax Commissioners proceeded to equalize assessments of personal property in the various counties of the State, as provided by law. Said state board took into account the valuation of similar property in other counties. In equalizing the assessment of personal property in the various counties of the State, said state board ordered an increase of the assessment of all the personal property in said Knox County of ten per centum, and made and entered of record on the records of said board an order increasing the said assessment of personal property in Knox County of said ten per centum above the assessment thereof as returned by the several township assessors of said county and as revised by the county board of review of said county; and thereafter on September 30, 1913, said state board certified said order and increase of assessment to the defendant John T. Scott, auditor of Knox County, directing him as such .auditor to add said ten per centum increase in the assessment of personal property, to all the personal

property assessed in said county including the personal property of said plaintiff.''

Appellee's contention, which was supported by the trial court which granted an injunction as prayed, is that the failure to call the board of county commissioners to meet in special session, and its failure to learn of the hearing before the State Board of Tax Commissioners, renders the whole order for the increase of the assessment on personal property in Knox County void. Appellants on the other hand urge that the notice to the taxpayers required by statute was complete when the auditor posted and published notices as required by statute, and that the notification of the board of county commissioners was not essential to obtain jurisdiction over the taxpayers. The case of *Gray* v. *Foster* (1910), 46 Ind. App. 149, 155, 92 N. E. 7, decides that ''The State Board of Tax Commissioners is a statutory board, and its power and authority are conferred and limited by the statute. * * * Where power is given to it to do a certain thing in a certain manner, the manner prescribed is the measure of the power given.'' In that case an attempted increase in the assessment of property by the State Board of Tax Commissioners was held invalid, but in that case not only was the board of county commissioners not called in session, but also there was an entire failure on the part of the auditor to post and publish the required notice to taxpayers.

We are of the opinion, however, that in order to make valid an increase in assessments such as that under consideration, the notification of the board of county commissioners and the calling into session of that board, prescribed by §10296 Burns 1914, *supra,* is as essential as the notice to the taxpayers prescribed by the same section. By virtue of its position, the board of county commissioners is peculiarly the guardian of the taxpayers of the county in matters such as the present. Further, §10296, *supra,* ren-

Scott v. Barr—57 Ind. App. 508.

ders it the particular duty of the board of county commissioners at its meeting after notification of the intended action of the State Board of Tax Commissioners in increasing assessments, "to take such steps as it may deem proper and expedient to protect the interest of the taxpayers at such hearing and prevent an unjust and inequitable increase in the assessment of the property of such county." A taxpayer who knew the provisions of the law, and who read the notice which was published by the auditor of Knox County, would be fully within his rights in presuming that the other provisions of the law had been complied with, and the matter had been brought to the attention of the board of county commissioners, and that board called in session. He would be justified in relying that such board of county commissioners would perform its duty, and would take all steps necessary to protect the rights of the taxpayers of the county. We believe that the statutory requirements which give the State Board of Tax Commissioners power to make increases in assessments of property such as the one under consideration have not been complied with until notice of such intended increase is brought to the board of county commissioners, and that board, if not in regular session, has been called in special session.

The reasons for holding the jurisdiction of the State Board incomplete unless the board of county commissioners has been notified as such, and has been in session, are as important as the reasons for holding such jurisdiction incomplete unless the posted and published notices have been given the taxpayers.

We find no error on the part of the trial court. Judgment affirmed.

NOTE.—Reported in 106 N. E. 891. As to right of taxpayer to notice and opportunity to be heard on assessment for taxation of omitted property, see 12 Ann. Cas. 468. See, also, under (1, 2) 37 Cyc. 1274; (3) 37 Cyc. 971.