## STATE BOARD OF TAX COMMISSIONERS *v.* BELT RAILROAD AND STOCK YARDS COMPANY.

[No. 23,703.    Filed April 22, 1921.    Rehearing denied October 27, 1921.]

1. TAXATION.—*State Board of Tax Commissioners.—Powers.*— The state board of tax commissioners is a body of special statutory powers and acts outside of its granted powers are absolutely void. p. 285.

2. TAXATION.—*State Board of Tax Commissioners.—Proceedings. — Compliance with Statutes. — Correction of Clerical Errors.*—Where a tax statute requires a levy to be made or other action taken on or before a certain time, an attempt to do the act afterwards is a nullity, although the state tax board might at a subsequent session correct a clerical error made in its records at a prior session so that the amended record would remove all doubt and uncertainty in regard to the action of the board at the prior session. p. 286.

3. TAXATION.—*State Board of Tax Commissioners.—Reassessment of Railroad Property at Board's Fourth Session.—Validity.*—In view of §§171, 183, 189 of the tax law (Acts 1919 p. 198) relating to levy, review, equalization and reassessment, that part of §171 which gives the state board of tax commissioners the right at its fourth session to "review and reassess or assess originally any property, real or personal, or both, in any taxing unit of the state," did not confer upon the board the right at its ˙fourth session to make a second assessment of the property of a railroad company at an increased valuation, where such reassessment was not made for the purpose of correcting a clerical error in the original assessment or to assess omitted property. p. 286.

4. TAXATION.—*State Board of Tax Commissioners.—Action within Scope of Powers.—Conclusiveness.*—The powers of the state board of tax commissioners to assess property are prescribed by statute, and the board must be able to support its action by statutory authorization, and its decisions in making assessments within the scope of its authority are final, except under circumstances where relief may be granted by the courts. p. 290.

State Board Tax Comm. *v.* Belt R., etc., Co.—191 Ind. 282.

5. INJUNCTION.—*Relief against Illegal Act.—Public Inconvenience.—Balancing Equities.*—A court of equity should not deny relief against an illegal and void act on the ground that public inconvenience will result from granting it, for equity does not balance conveniences when the preservation of an established right, which will be destroyed if relief is not granted, is involved. p. 291.

6. TAXATION. — *Taxes Wrongfully Assessed. — Payment. — Refunder Statutes.*—Sections 332, 333, 334 of the tax law (Acts 1919 p. 198) relating to a refunder of taxes wrongfully assessed and paid, authorize a refunder of county and state, but not of township or an incorporated town or city taxes, so that where the state board of tax commissioners have made an illegal assessment of railroad property, the owner thereof does not have an adequate remedy at law through such statutes, and is, therefore, entitled to injunctive relief; there being no right to refund taxes without legislative authority. p. 291.

7. INJUNCTION.—*Right to Relief.—Inadequacy of Remedy at Law.*—Unless the remedy at law is as plain, complete and adequate as the remedy in equity, injunction will lie. p. 292.

8. TAXATION.—*Taxes Wrongfully Assessed and Collected.—Refunder.—Right to Equitable Relief.—Statutes.*—The right of refund of both county and state taxes wrongfully assessed and paid, is cast into doubt by the proviso clause added to §332 of the tax law (Acts 1919 p. 198), so that, where the state board of tax commissioners at its fourth session made an unauthorized reassessment of railroad property, the legal remedy by refunding is involved in such doubt and uncertainty as to be inadequate and to give equity jurisdiction. p. 293.

From the Marion Circuit Court (31,942) ; *Louis B. Ewbank,* Judge.

Action by the Belt Railroad and Stock Yards Company against the State Board of Tax Commissioners of the State of Indiana to enjoin the collection of taxes. From an order granting a temporary injunction, the defendant appeals. *Affirmed.*

*Ele Stansbury* and *U. S. Lesh,* Attorneys-General, *Harry C. Hendrickson, Baker & Daniels, William W. Seagle,* for appellant.

*Clarence E. Weir, Charles W. Richards, Samuel D. Miller, Frank C. Dailey, William H. Thompson, Sidney S. Miller* and *Albert L. Rabb,* for appellee.

WILLOUGHBY, C. J.—Appellee (plaintiff below) sought and obtained a temporary injunction restraining appellants until the further order of the court "from collecting or seeking or attempting to collect any taxes from plaintiff, under and pursuant to the attempted assessment of plaintiff's railroad property in Marion county, State of Indiana, made by the defendant state board of tax commissioners of the State of Indiana, at its fourth session, in December, 1919, or pursuant to or under authority of said order of said state board, made on December 5, 1919, purporting to reassess plaintiff's said railroad property and improvements thereon, and purporting to increase a valuation thereof previously made in July, 1919, by said board    *    *    *."

From the granting of said temporary injunction, appellants appeal. The only error assigned and relied upon for reversal is the entry by the Marion Circuit Court of an interlocutory order on December 27, 1919, granting the motion of appellee for a temporary injunction.

The complaint, to which a demurrer was overruled, alleges in substance, that on March 1, 1919, plaintiff, a railroad corporation, was the owner subject to certain leases as to parts thereof of certain steam railroad lines and right of way and other property in Marion county, Indiana, denominated "railroad track" required by law to be listed, scheduled and returned to said state board of tax commissioners for assessment for taxation for the year 1919. That between said March 1, 1919, and May 15, 1919, plaintiff did make and file the required schedules and statements with said defendant state board of tax commissioners in full compliance with the tax laws of the State of Indiana in that regard; that thereafter at its first session, begun on the first Monday of April, 1919, said state board of tax commissioners duly assessed for taxation the said railroad property and improvements thereon, of plaintiff in Marion coun-

ty, Indiana for the year 1919, and that after the adjournment of the second session of the state board of tax commissioners, on July 21, 1919, such assessment was certified to the county auditor, and that pursuant thereto, said assessment has been apportioned and entered upon the proper tax duplicates of the different taxing units of Marion county, Indiana.

But it alleges that thereafter, at the fourth session of said board and without any appeal being taken or anything being filed with the board, requesting or requiring such action, the state board of tax commissioners made a new assessment of what is alleged to be the same property of the petitioner, valuing it at a total sum which was $1,785,000 larger than the original assessment, and now threatens to certify it to the county auditor, and that said auditor threatens to put it on the tax duplicates, and the county treasurer threatens to collect taxes based upon the increased valuation.

The state board of tax commissioners is a body of special statutory powers and acts outside of its granted

1. powers are absolutely void. *Eaton* v. *Union County Nat. Bank* (1895), 141 Ind. 136, 40 N. E. 668; *First Nat. Bank* v. *Brodhecker, Treas.* (1894), 137 Ind. 693, 37 N. E. 340; *Bell* v. *Meeker* (1906), 39 Ind. App. 224, 178 N. E. 641; *Scott* v. *Barr* (1914), 57 Ind. App. 508, 106 N. E. 891; *Gray* v. *Foster* (1910), 46 Ind. App. 149, 92 N. E. 7.

In *Gray* v. *Foster, supra,* the court stated the rule as follows: "The State Board of Tax Commissioners is a statutory board, and its power and authority are conferred and limited by the statute. * * * Where power is given it to do a certain thing in a certain manner; the manner prescribed is the measure of power given."

It has also been uniformly held in this state that where a tax statute requires a levy to be made or other

action taken on or before a certain day, or dur-
2.    ing a certain session, an attempt to do the act
afterwards is a nullity. ˙ *Hyland* v. *Brazil Block Coal Co.* (1891), 128 Ind. 335, 26 N. E. 672; *State, ex rel.* v. *McGinnis* (1870), 34 Ind. 452.

The board might at a subsequent session correct a clerical error made in its records at a prior session so that the amended record would remove all doubt and uncertainty in regard to the action of the board at such prior session. *First Nat. Bank* v. *Isaacs* (1903), 161 Ind. 278, 68 N. E. 288.

In the case at bar there is no claim that the board by its action was attempting to correct a clerical error or
to assess omitted property. Its action was an
3.    attempt to reassess appellee's railroad property
at its fourth session when said property had been assessed at the first session and no appeal had been taken or request for reassessment made.

In order to justify the board in assessing appellee's property at its fourth session, the statute on its face must disclose the right to take such action. The powers of the state board of tax commissioners and their jurisdiction and duties at their several sessions are conferred and defined by §171 of the tax law of 1919 (Acts 1919 p. 198, 299, §10139b *et seq.* Burns' Supp. 1921), which provides that:

"Said state board of tax commissioners shall annually convene in the statehouse in a room to be provided therefor, on the first Monday in April of each year, for the purpose of assessing the property of all persons, copartnerships, associations, joint stock associations or corporations required by law to be assessed by the state board of tax commissioners, and shall devote such time as shall be necessary to make such assessments not exceeding, however, fifty days. It shall reconvene on the first Tuesday after the first Monday of July following,

for rehearing and applications for revisions; for the purpose of hearing complaints or applications for change, in the assessments made, by the owners of railroad property and all other persons, partnerships, associations or corporations whose assessments have been fixed at the first session in this section provided for, but such session shall not exceed twelve days. It shall reconvene on the Monday next succeeding said second session for the purpose of hearing appeals and for reviewing and reassessing all property certified by county auditors as hereinafter provided, and for the purpose of equalizing the assessment of all property, real or personal, the assessment or equalization of which, by said board, is provided for by law. It shall remain in session such length of time as the business may require but not later than the third Monday in August at which time said session shall adjourn. It shall reconvene on the third Monday of September of each year for the purpose of reviewing and finally determining the tax levies of all the taxing units as the same have been certified to said board by the several county auditors of the state provided for in this act, and also determine the changes necessary in the state levies for all purposes necessary to be made in order to raise sufficient revenue for all appropriations made by law and to review and reassess or assess originally any property, real or personal or both, in any taxing unit of the state and shall remain in session until the Saturday following the first Monday of December. Before adjourning said first session said board shall designate in what manner parties desiring to be reheard as to the assessments made, shall apply for relief, and such persons may be heard either upon printed or written petitions with accompanying affidavits and exhibits, or upon oral testimony, as the board at its first session may order, or the board may, at its discretion, at its second session, permit the

hearing of oral or written testimony in case it shall appear to the board that such course will be more satisfactory. Said board shall also designate in what manner parties desiring to be heard on appeals from boards of review and how tax-payers whose assessments have been, by order of said board, certified by the county auditor for review and reassessment, may be heard by said board at its third session and how taxpayers of taxing units may be heard at the fourth session when said board is considering the final determining of tax levies."

An analysis of §171, *supra,* shows: First: That the state board of tax commissioners must assess railroad corporations at its first session commencing on the first Monday in April and continuing fifty days. Second: That at its second session which convenes on the first Tuesday after the first Monday in July, and lasts for twelve days, it may rehear such assessments and applications for revisions or change in the assessments of railroad property, etc. Third: The third session commences on the Monday next succeeding the second session, and is for the purpose (a) Of hearing appeals; (b) For reviewing and reassessing all property certified by county auditors as hereinafter provided; and (c) For the purpose of equalizing the assessment of all property, real and personal.

To understand the powers of the state board at its third and fourth sessions with reference to appeals, reviews and reassessments, it is necessary to turn to §189 (Acts 1919 p. 198, 309, *supra*) which gives to any taxpayer or member of the local board the right to appeal to the state board; and also provides that the state board, if it is dissatisfied with the action of the county board of review, upon any original assessment, "shall have the right, at any time before the adjournment of its third session" to require the county auditor to certify for re-

view and reassessment any assessments made. Thus at its third session the board may hear appeals taken by the taxpayers and local officers; and after giving notice required by §183 (Acts 1919 p. 198, 308, *supra*) may at its fourth session also review and reassess property certified up by the county auditors on the order of the state board made "at any time before adjournment of its third session."

Fourth: The fourth session convenes on the third Monday of September and lasts until the Saturday following the first Monday in December. At this session the board has the right: (a) Of certifying and finally determining the tax levies as certified to the board by county auditors; (b) To fix and determine the changes necessary in tax levies; (c) To review and reassess any property, real or personal, or both, "in any taxing unit of the state" so at its third session ordered certified up for such review and assessment.

The original assessment which it is authorized to make at its fourth session, is shown by a later part of the same section to be of omitted property. The power to "review and reassess" as conferred by this part of the section, has reference to local assessments certified up by the county auditor on the order of the state board of tax commissioners under the clause of §189, *supra,* above referred to.

Fifth: Following the clauses in §171, *supra,* defining the jurisdiction and duties of the state board at each of its four sessions, is this clause: "The assessment made at the first session of the board shall stand as the assessment by the board unless application is filed with the State Board of Tax Commissioners for reassessment, or for relief from the original assessment, at least ten days before said second session, and the assessment when finally determined by said board at its

second session on cases of rehearing and on appeals and reassessments at its third session shall stand as the final assessment of such persons and be certified to the proper official by the state board of tax commissioners." And this clause: "Before making a correction or addition to any assessment or the making of an original assessment at its fourth session, the said board shall give written or other notice to such person or persons, requiring such person or persons to appear before said state board of tax commissioners at its office in Indianapolis or elsewhere as the board may designate at the time specified in such notice, which time shall not be less than ten days from the date of the serving of such notice, to show cause, if any, why such correction, addition or original assessment, as the case may be, shall not be made, and if such person or persons so notified do not appear or if any do appear and fail to show any good and sufficient cause why such correction, addition or original assessment should not be made, the same shall be made and shall stand, as the final assessment of such persons and be certified, together with the order of said board, to the proper official by the state board of tax commissioners and be entered on the tax duplicate as omitted property."

That part of §171, *supra*, giving to the state board of tax commissioners the right at its fourth session "to review and reassess or assess originally any property, real or personal, or both, in any taxing unit of the state" did not in this case confer upon the state board of tax commissioners the right to reassess appellee's property at the fourth session of the board.

The decision of the state board of tax commissioners in making assessments within the scope of its authority is final except under circumstances where relief 4. may be granted by the courts. The powers of the state board to assess property are prescribed

by statute. *Hyland* v. *Brazil Block Coal Co.*, *supra.* Hence such board must be able to support its action by statutory authorization.

The settled law in this state, is that taxes cannot be imposed or their collection enforced, except in the manner prescribed by law. *Hamilton* v. *Amsden* (1882), 88 Ind. 304; *State, ex rel.* v. *Illyes* (1882), 87 Ind. 405; *Scott* v. *Barr* (1914), 57 Ind. App. 508, 106 N. E. 891; *State Board, etc.* v. *Holliday* (1898), 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826; *Fesler* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145.

Appellant claims that the injunction should not have been granted because the granting of it would produce greater injury than the refusal of it would have produced.

5. A court of equity should not deny relief against an illegal and void act on the ground that public inconvenience will result from granting it. Equity does not balance conveniences when such balancing involves the preservation of an established right which will be destroyed if relief is not granted. *American Smelting and Refining Co.* v. *Godfrey* (1907), 158 Fed. 225; *Sullivan* v. *Steel Co.* (1904), 208 Pa. 540.

6. The appellant claims that the appellee has an adequate and complete remedy at law; that if its assessments complained of are illegal and void yet its rights are protected by §§332, 333 and 334 of the 1919 (Acts 1919 p. 198, 372, 373, *supra*) tax law, providing for the refund of taxes wrongfully assessed.

The refunding statutes authorize a refunder from the county treasurer so far as the same was assessed and paid for county taxes, and a similar provision is made for a refund from the state. There is no provision for the taxpayer procuring any refund of taxes from either a township or an incorporated town or city. Therefore appellee, unless it is entitled to an injunction, must pay

its township taxes without any opportunity to obtain reimbursement therefor. Under these circumstances the remedy by refunder is neither plain, complete nor adequate.

There can be no refunding of taxes without legislative authority and the refunding statute of 1853, which in this particular is identical with the Act of 1919, applies only to state and county taxes and not to township or city taxes. *Simonson* v. *Town of West Harrison* (1892), 5 Ind. App. 459, 32 N. E. 585.

It has been held by the Appellate Court that where the claim for a refunder is filed with the board of county commissioners before distribution has been made to a town or a township trustee of the town or township taxes, the refund may be properly made for all taxes wrongfully exacted. *DuBois* v. *Board* (1894), 10 Ind. App. 347, 37 N. E. 1056.

And it has likewise been held by the Appellate Court that where the taxes sought to be recovered had been paid over to the trustee of the township, to be by him turned into the general fund of such township, before the claim for a refunder was filed, such fact absolutely defeats recovery under §6088 Burns 1908, which is the tax refunding statute. *Cincinnati, etc., R. Co.* v. *Wayne Tp.* (1913), 55 Ind. App. 533, 102 N. E. 865.

The suggested remedy under the tax refunding statute is not applicable, and is neither plain, speedy nor adequate. Unless the remedy at law is as plain, 7. complete and adequate as the remedy in equity, injunction will lie. *Champ* v. *Kendrick* (1892), 130 Ind. 549, 30 N. E. 787; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568, 47 N. E. 147; *Meyer* v. *Town of Boonville* (1904), 162 Ind. 165, 70 N. E. 146; *Union Pac. R. Co.* v. *Board, etc.* (1918), 247 U. S. 282, 38 Sup. Ct. 510, 62 L. Ed. 1110.

Moreover the right of refund of both county and state

taxes is also cast into doubt in this case by the new proviso clause that was added to §332 of the 1919 tax

8.   law (Acts 1919 p. 198, 372, *supra*), reading: *"and Provided further,* That no taxes shall be considered as having been wrongfully paid or as having been wrongfully assessed when same were extended on assessments made as the judgment of taxing officers authorized to make same, and concerning which no complaints were registered at the time same were made either by application for rehearing or by an appeal."

This would seem to preclude the right of refund in every case where the assessment had been made by a taxing officer on his judgment that he then had the right to make it, unless the taxpayer at the time applies for a rehearing or takes an appeal.   In the instant case the statute makes no provision for a rehearing and in fact there could have been none; and of course there was no remedy by appeal.   Where the legal remedy is involved in such doubt and uncertainty as this it is deemed inadequate and equity has jurisdiction.   See *Union Pac. R. Co.* v. *Board, etc., supra; Davis* v. *Wakelee* (1895), 156 U. S. 680.

The law providing for a refunder of taxes does not furnish a remedy as complete, plain, adequate, practical and efficient to the ends of justice and its prompt administration as a remedy in equity.

In the instant case we conclude that the appellee was entitled to equitable relief and that the injunction was properly granted.   We find no error in the record. Judgment affirmed.

Ewbank, J., not participating.

Townsend, J., absent.