INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE
TAX DIVISION *v.* THE ESTATE OF ARTHUR SHOCK,
ELIZABETH D. BUTLER, EXECUTRIX.

[No. 18,211.  Filed June 25, 1952.  Rehearing denied September
10, 1952.  Transfer denied October 28, 1952.]

714

*J. Emmett McManamon,* Attorney General; *John J. McShane, Lloyd C. Hutchinson, Joseph E. Nowak,* and *Robert F. Wallace,* Deputies Attorney General, for appellant.

*John L. DeVoss,* of Decatur, *Thomas Longfellow* and *James W. Jackson,* both of Ft. Wayne, *Robert P. Smith* (of counsel), of Washington, D. C.; *Merle H. Miller, H. Gene Emery,* Amicus Curiae; *Ross, McCord, Ice & Miller* (of counsel), of Indianapolis, for appellee.

ACHOR, C. J.—This action was brought by appellant pursuant to §11 of the Acts of 1931, Ch. 75, §6-2411, Burns' 1933, for the purpose of a rehearing, reappraisement and redetermination of the inheritance tax due under and pursuant to said Inheritance Tax Law.

The controversy arose by reason of a bequest made by Arthur Shock, deceased, to the Shriners' Hospital for Crippled Children, a corporation. The sole question

presented is whether the bequest is exempt from inheritance tax under §6-2403, Burns' 1933 (1951 Supp.).

The facts in this case are not in dispute, the same being embodied in a Stipulation of Facts, in which it is agreed that the Shriners' Hospital for Crippled Children, Inc., is a corporation formed for charitable purposes and organized and existing under the laws of the State of Colorado. Said corporation operates hospitals for crippled children in certain localities throughout the United States, but no hospital is located within the State of Indiana and none of the bequest herein from the estate of Arthur Shock, deceased, is to be used exclusively within the State of Indiana. None of the officers receive any profit from the operation thereof, except reasonable compensation for services. The stipulation also contained a copy of the Colorado Inheritance Tax law, which is very similar and must be considered as providing reciprocal exemptions to the Indiana Inheritance Tax law.

The grant of exemption, as claimed in this case by the appellee, is controlled by the Acts of 1947, §1, ch. 311, §6-2403, Burns' 1933, (1951 Supp.), which in part is as follows:

> "There shall be exempt from the tax imposed by this act . . . (b) all transfers to any public institutions for exclusive public purposes; (c) all transfers to any trustee or trustees in trust for the sole benefit of any charitable, educational, or religious organization, fund, or foundation; and (d) all transfers to any corporation, institution, society, association or trust, wherever incorporated or organized, formed for charitable, educational, or religious purposes: Provided, That . . . in the case of transfers under subdivision (d) to corporations, institutions, societies, associations or trusts *not incorporated or organized under the laws of the State of Indiana, the exemption shall be granted only if the entire property transferred or the entire*

*income therefrom is to be used exclusively,* either
according to the provisions of the will or other in-
strument of transfer or according to the past prac-
tices of the donee or donees, for one (1) or more
of such purposes *within the state of Indiana, and
in the case of transfers* under subdivision (d) to
corporations, institutions, societies, associations or
trusts *incorporated or organized under the laws of
the state of Indiana the exemption shall be granted
only if more than a merely nominal part of the
property transferred or of the income therefrom
is to be used,* either according to the provisions of
the will or other instrument of transfer or accord-
ing to the past practices of the donee or donees, for
one or more of such purposes *within the state of
Indiana,* and *only if,* as respects that part of the
property transferred or the income therefrom
which is not to be used for one (1) or more of such
purposes within the state of Indiana, the use or
uses which are to be made of a material share of
such property or such income, either according
to said provisions or according to said past prac-
tices, are for the benefit of mankind generally *and
not for the exclusive benefit of a particular locality
outside the state of Indiana;* but in all cases under
subdivisions (a), (b), (c) and (d) no such transfer
shall be so exempt if any officer, member, share-
holder or employee of such corporation, institution,
society, association or trust shall receive or may be
lawfully entitled to receive any pecuniary profit
from the operation thereof, except reasonable com-
pensation for services . . . *and provided further
that the exemptions in all cases under subdivisions*
(b), (c) and (d) *shall extend* to persons, organiza-
tions, associations and corporations organized
under the law of other states, and resident therein,
provided the law of such other state grants to per-
sons, organizations, associations and corporations
organized under the law of the state of Indiana,
and resident therein, a like and equal exemption."
(Our italics.)

The question which we are required to determine is
resolved purely into the statutory construction of
§6-2403, Burns' 1933 (1951 Supp.), *supra.* Since the

bequest is to a non-resident corporation, and "the entire income therefrom is" *not* "to be used exclusively . . . within the state of Indiana," clearly the bequest is not exempt from taxation unless it is by operation of the reciprocity proviso of the act. Appellant contends that the proviso is cumulative and limits that which precedes it and cites the fact that the other provisos of the act have been so construed; that to be exempt (1) the corporation must be organized for charitable purposes *and* (2) if a foreign corporation, the entire property or income must be used exclusively within the state of Indiana, *and* (3) if a domestic corporation, more than a nominal part of the property or income must be used in the state of Indiana, and (4) in any event none of the officers, etc. shall receive any pecuniary profit from the operation thereof, except reasonable compensation for services. *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 151, 190 N. E. 185; *Long, Mayer* v. *Kinney* (1936), 210 Ind. 192, 196, 1 N. E. 2d 929.

It is fundamental that the reciprocal proviso "must be read and considered in connection with the" entire "section of which it is a part." *Hasse* v. *Bielefeld* (1926), 197 Ind. 498, 504, 150 N. E. 413; *Board of Commissioners* v. *Millikan, supra;* *State ex rel. Milligan* v. *Ritter* (1943), 221 Ind. 456, 470, 48 N. E. 2d 993.

Appellant contends that if the statute is so considered, the reciprocal proviso must necessarily be construed as imposing a further limitation upon the exemption rather than constituting an enlargement or extension of the exemption, as concluded by the trial court. It occurs to us that the answer to this issue can be found within the framework of the section itself. The reciprocal proviso is joined to the previous provisos of

the section with the words: "and provided further that the exemptions shall extend . . ." §6-2403, Burns' 1933 (1951 Supp.), p. 53, *supra.* In holding a similar proviso, in an amended act, made the levy of a tax mandatory, our Supreme Court, in the case of *Morrison et al.* v. *State ex rel.* (1914), 181 Ind. 544, 549, 550, 105 N. E. 113, stated:

"In construing statutes courts must give effect, when ascertained, to the legislative intent. In seeking such intent, effect must be given, if possible, to every word and clause of the act. . . . Words and phrases must be given their plain, ordinary and usual meaning, unless a contrary purpose is clearly manifested. . . . The rational and appropriate function of a proviso is to restrain and qualify the preceding clause or clauses in the section in which it is found, *yet, where it is manifest that the legislature intended to give the proviso a scope beyond such section, it may be held as modifying a preceding one. Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374; *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632; *Interstate Com. Com.* v. *Baird* (1904), 194 U. S. 25, 24 Sup. Ct. 563, 48 L. Ed. 860, and cases cited; *Georgia R., etc., Co.* v. *Smith* (1888), 128 U. S. 174, 9 Sup. Ct. 47, 32 L. Ed. 377. In the case last cited it was said on page 181: 'The general purpose of a proviso, as is well known, is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular. But it is often used in other senses. *It is the common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them, to precede their proposed amendments with the term "provided," so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction "but" or "and" in the same place, and simply serving to separate or distinguish the different paragraphs or sentences.'"* (Our italics.)

In other words, although the use of the term "provided" is usually to limit or qualify the operation of the statute with regard to the provisions which follows, however, in the common practice of legislative proceedings the term may be used conjunctively or even disjunctively, so as to separate or distinguish the different paragraphs or provisions. Therefore, the answer to the issue must first be determined, if possible, by an analysis of the use of the terms within the section itself.

We find that the basic provision of the section regarding (1) the limited nature of the recipients is as follows: *"There shall be exempt* from the tax . . . all transfers to any . . . charitable . . . corporation." The proviso (2) limiting the use of the property by nonresidents exclusively within the state of Indiana is as follows: "Provided that . . . the exemption shall be granted only" as specified. The proviso limiting the exemption to (3) domestic corporations is as follows: ". . . and in the case of" such "transfers . . . the exemption shall be granted only if . . ." The proviso (4) excluding pecuniary profit to the officers, etc., of the recipient is as follows: ". . . and (d) *no such transfer shall be exempt if any officer, . . . "* §6-2403, Burns' 1933 (1951 Supp.), *supra.* (Our italics.)

Obviously, the above provisos (1), (2) and (4) and (1), (3) and (4) are cumulative, negative and restrictive, as they relate to each other, and appellant's contention regarding their character and effect is well founded. However, the proviso which connects and introduced the reciprocal provision of the section, is as follows: " . . . and *provided* further that the exemptions *in all cases* . . . (b), (c) and (d) shall extend to . . . organizations . . . of other states . . ." having "a like and equal exemption." (Our italics.) The latter

proviso is clearly *not* cumulative, negative or restrictive, but is a positive proviso of enlargement, the effect of which is to *"extend" the exemption* of the Indiana inheritance tax law to Colorado corporations *"in all cases"* where exemption is granted under our law to either domestic or foreign corporations, by reason of the fact that the Colorado statute extends "a like and equal exemption."

We find no ambiguity in the disputed provisions of the act. Its terms are clear and concise. Therefore, there is no occasion to consider further the question of statutory construction, or the fact that inequalities may exist, under the law as between resident and non-resident beneficiaries.

Judgment is, therefore, affirmed.

NOTE.—Reported in 106 N. E. 2d 814.