ESTATE OF SCHWARTEN: STATE, Appellant, vs. SCHULTZ, Executor, and another, Respondents.

*November 5—December 4, 1956.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Richard E. Williams,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Williams.*

For the respondents there was a brief by *Michael, Spohn, Best & Friedrich,* attorneys, and *George A. Schutt* of counsel, and oral argument by *Mr. Schutt* and by *Mr. Earl L. Meixner,* all of Milwaukee.

MARTIN, J.    The material provisions of sec. 72.04, Wis. Stats., read:

"The following exemptions from the tax are hereby allowed:

"(1) All property transferred . . . to corporations or voluntary associations organized under the laws of this state, solely for religious, humane, charitable, or educational purposes, . . . which shall use the property so transferred exclusively for the purposes of their organization, within the state, . . .

"(3) The exemptions granted in the foregoing subsections (1) and (2) . . . shall extend to transfers to or for the use of corporations, municipal or private, associations, foundations, or trustees located in, and those organized or established under the laws of, any other state, commonwealth, territory, or district, exclusively for public, municipal, religious, humane, charitable, or educational purposes, including institutions maintained by the state, commonwealth, territory, or district itself, if the law of such other state, commonwealth, territory, or district on the date of death of the decedent granted a like and equal exemption to similar transfers from decedents resident therein to municipal or private corporations, associations, foundations, or trustees, as the case may be, located in or organized or established under the laws of Wisconsin, exclusively for such purposes, including institutions maintained by the state of Wisconsin itself."

The question presented is whether the provisions of sub. (3) of sec. 72.04, Stats., exempt from Wisconsin inheritance tax a bequest by a Wisconsin resident to a charitable corporation of a reciprocal state, where its use by the corporation is not restricted to charitable purposes exclusively within such other state.

It is conceded that New York is a reciprocal state, its statutes providing that in determining the value of a net estate subject to tax all bequests to or for the use of charitable organizations shall be deducted from the value of the gross estate. The exemption is granted to charitable organizations regardless of the state of their organization and without limitation as to where their funds are expended.

In sub. (1) of sec. 72.04, Wis. Stats., the exemption is granted to Wisconsin corporations only when the property transferred shall be used exclusively within Wisconsin. Ap-

pellant argues that the policy of the legislature there expressed in the requirement of "exclusive use" is carried into sub. (3) and made applicable to charitable organizations of a reciprocal state, requiring that the use be exclusively within that state.

The argument is based on the proposition that in sec. 72.04 (1), Stats., the legislature has adopted as the fundamental concept of the charitable-organization exemption the limitation of exclusive use within the state of organization. We cannot find in sub. (1) the manifestation of such a far-reaching concept. In its broad sense the purpose of the exemption therein granted is to encourage bequests to charitable organizations, and the same intent is expressed in sub. (3). But sub. (1) applies specifically to Wisconsin corporations, whereas sub. (3) applies specifically to out-of-state corporations. To qualify for the exemption under sub. (1) the Wisconsin corporation must use the funds exclusively in Wisconsin; to qualify under sub. (3) the foreign corporation must be the creature of a state which allows a like and equal exemption to Wisconsin organizations. In both, of course, the organization must be charitable in character and the funds must be used for charitable purposes. This is the plain meaning of the language used in the subsections. We cannot see that it is unreasonable, as appellant suggests, for the legislature to intend a limited exemption in the case of Wisconsin corporations and at the same time intend an unlimited exemption to out-of-state corporations. On the contrary, such provisions are entirely consistent with a basic intent to benefit Wisconsin. In permitting an unrestricted use of funds transferred to foreign charitable organizations where, as here, the transferee is a corporation national in scope, the legislature opens the door to use of such funds in Wisconsin. To adopt the view of the appellant would close that door. In this particular case, where it may be noted that a nationally recognized cancer-research pro-

gram is carried on at the University of Wisconsin, it is not unlikely that some portion of the funds involved would be used in this state. The interpretation of sec. 72.04 (3) contended for by appellant would make it impossible for the Society to take advantage of those facilities.

The legislature did not expressly incorporate in sub. (3) of sec. 72.04, Stats., the "exclusive use" limitation of sub. (1), although it could easily have done so if that was its intention. Nor did it incorporate such limitation by reference in using the word "extend," which must be held in this instance to have been used in its sense of "offer," "accord," or "grant." If the legislature, in using the word "extend," intended it to mean that all the provisions of sub. (1), including "exclusive use," were to be carried into sub. (3), it could simply have said that the exemptions granted in sub. (1) shall extend to corporations, etc., located in other states without describing such corporations as organized "exclusively for public, municipal, religious, humane, charitable, or educational purposes," since the organizations entitled to exemption are already so described in sub. (1). In sub. (3), however, the legislature fully described the organizations to which it was to apply, but it omitted the requirement of exclusive use.

In *State v. Shock's Estate* (1952), 122 Ind. App. 713, 716, 106 N. E. (2d) 814, 816, an Indiana statute containing reciprocity provisions similar to sec. 72.04 (3), Wis. Stats., was considered in determining whether a bequest to a Colorado charitable organization was exempt from the Indiana inheritance tax. In the Indiana statute the reciprocity provisions were attached to the general provisions for exemption of transfers to charitable organizations in the following language:

". . . and provided further that the exemptions in all cases under subdivisions (b), (c), and (d) shall *extend* to persons, organizations, associations, and corporations organized under

the law of other states, and resident therein, provided the law of such other state grants to persons, organizations, associations, and corporations organized under the law of the state of Indiana, and resident therein, a like and equal exemption."

While the question there was primarily the effect of the word "provided" which connected the reciprocal proviso to the basic provisions of the section (one of which was "exclusive use"), the Indiana court did construe the language as meaning only that the *exemption* was to be *extended* to charitable organizations of a reciprocal state regardless of any inequalities that might exist under the law as between resident and nonresident beneficiaries. Here there is no such close connection between the provisions of subs. (1) and (3) of sec. 72.04, Stats. They are separate and distinct and the plain meaning of the language of sub. (3) is that the exemption in the case of charitable corporations is extended to transfers to out-of-state charities where the state of their organization extends a like and equal exemption in the case of Wisconsin corporations.

Moreover, to hold that the legislature has limited a foreign charity to use of the transferred property exclusively within the boundaries of its parent state, where admittedly Wisconsin lacks jurisdictional power to enforce such use, would create a situation about which the California court in *Estate of Bendheim* (1950), 100 Cal. App. (2d) 398, 401, 223 Pac. (2d) 874, 876, had this to say:

"It is inconceivable that the legislature intended to impose on the taxing authorities the duty of visitation and inspection of the alien charitable institution to determine the beneficiaries of the charitable transfer."

In that case a California decedent bequeathed her residuary estate to a Massachusetts charitable corporation with the direction that a portion thereof should be used in New

Hampshire. As to California, Massachusetts was a reciprocal state but New Hampshire was not. The appellant contended that the transferred funds must be used only in a reciprocal state, but the court held that the statute did not so specify, requiring only that the property be transferred to a charitable institution in a reciprocal state, to be devoted exclusively to charitable work. The court stated that (p. 401) :

". . . the trend of the California cases is that the question of exemption from the tax is to be determined on the basis of the character of the 'transferee' rather than on the basis of the character of the beneficiaries under the grant."

So here. The language of sec. 72.04 (3), Stats., clearly indicates the legislative intent to grant the exemption in the case of out-of-state charitable organizations of a reciprocal state without regard to where the transferred property may be used. Once it is established that the organization is the creature of a reciprocal state, it is the character of the organization as charitable and the character of the use of the funds as charitable that qualify the transfer as one to which the exemption applies.

In view of the above, any question regarding the effect of the resolution adopted by the Society is immaterial.

*By the Court.*—Order affirmed.