The State, *ex rel.* Evans, Auditor of State, *v.* McGinnis, Auditor of Marion Co.

---

## THE STATE, on the Relation of EVANS, Auditor of State, *v*, McGINNIS, Auditor of Marion County.

STATE BOARD OF EQUALIZATION.—*Members of, How Chosen.—Addition to Appraisement.*—To constitute a person, other than the Auditor of State, a legal member of the State board of equalization he must have been selected as a delegate thereto by a district board of equalization, from its own number composed of the auditors of the counties in the district; and a resolution of such State board, of which only a minority of the members have been so selected, providing for an addition to the appraisement of the real estate of a county, is invalid, and the auditor of such county cannot be required to comply with it.

SAME.—*Length of Session.*—Where the State board of equalization remains in session at one time more than ten days, the acts thereof done after the expiration of such period are void.

APPEAL from the Marion Circuit Court.

WORDEN, J.—This was a proceeding by way of mandate, by the State, upon the relation of the auditor thereof, against the appellee, as the auditor of Marion county, to compel the latter to add to the real estate appraisement of said county thirty per cent. of such appraisement, in compliance with a resolution of the State board of equalization adopted at the session of said board which convened on the 1st Monday of July, 1869.

The defendant answered, alleging, amongst other things, the following facts: "That said pretended State board of equalization mentioned in the complaint was not a legal board of equalization for State purposes, and was not com-

posed of delegates chosen by legal district boards of equalization, in this, to wit: that neither of the district boards of equalization was composed of the auditors of the several counties of said districts, as prescribed by law; that the auditors of the fourth congressional district did not meet at the county seat of Decatur county, as required by law, to choose a delegate to such State board; nor did the auditors of the fifth, sixth, seventh, eighth, ninth, and eleventh congressional districts meet at the places required by law, and choose delegates to said State board of equalization; and he says if there were any legal delegates or members of said State board of equalization present at said meeting, such legal members did not compose a majority of the number of delegates required by law, but a minority thereof, and as such minority they had no power to bind the defendant by any order they might make; wherefore," &c.

To this answer a demurrer was filed, but overruled, and exception taken; and the plaintiff failing and declining to make any reply, but electing to stand on her demurrer, final judgment was rendered against her.

This ruling on the demurrer raises the only question presented by the record, so far as the appellant is concerned.

The ruling, we think, was clearly right. By the provisions of the law, the county auditors of the several congressional districts constitute a district board of equalization; and such district board selects one of its own number as a delegate to the State board, which is constituted of such delegates together with the Auditor of State. 1 G. & H. 320. Now, if the district boards, as is alleged in the pleading and admitted by the demurrer, were not composed of the auditors of the districts, they were not constituted as required by law, and could exercise no functions whatever as a district board of equalization, by way of appointing delegates to the State board, or otherwise.

Again, if only a minority of the State board were legal members, as is alleged in the pleading and admitted by the

demurrer, they could, of course, do no binding act or exercise any legitimate functions as such board.

The answer in question may, in some particulars, be open to the objection of stating conclusions of law, rather than facts; but, on the whole, we think it states facts sufficient to bar the relief sought, and therefore that the judgment must be affirmed.

The appellee has assigned a cross error, which we are induced to notice for the double reason that it legitimately arises in the record, and that the question may hereafter arise in other counties.

The defendant answered, thirdly, that the pretended State board of equalization mentioned in the complaint met as therein stated, on Monday the 5th day of July, 1869, and continued in session until the 16th day of July, 1869, more than ten days altogether; and on said 16th day of July, 1869, being the 11th day after said 5th day of July, 1869, and the 12th day of their session, said board made the order of reappraisement whereby thirty per cent. was added to the valuation of land and lots in Marion county, Indiana, being the same order and resolution mentioned in the complaint, and therefore that the resolution, &c., was without authority of law and void.

A demurrer was sustained to this paragraph of the answer, and the defendant excepted. Upon this ruling the cross error is assigned.

We are of opinion that the demurrer in question should have been overruled. The statute provides, by way of proviso, "that the delegates forming the State board shall not remain in session, at any time, more than ten days.

We think it quite clear, both on principle and authority, that the time thus limited constitutes the term during which the State board may act, and that when the time has expired their functions are ended, and that any act done by them afterwards is without authority of law and void. It is like the term of a court, the duration of which is fixed by law, in which case the court has no authority after the expiration

of the time limited.   *Morgan* v. *The State,* 12 Ind. 448; *Same* v. *Same,* 13 Ind. 215.

The judgment on this paragraph of the answer should have been for the defendant, as well as on the one hereinbefore noticed.

The judgment below is affirmed, with costs.

*J. W. Nichol* and *L. Jordan,* for appellant.

*L. Barbour* and *C. P. Jacobs* for appellee.