The State, *ex rel.* Marks, *v.* Vogel *et al.*

No. 14,496.

## THE STATE, EX REL. MARKS, *v.* VOGEL ET AL.

SPECIAL FINDING.—*Exception to Conclusions of Law.*—*Admission as to Facts.*—A party, by excepting to conclusions of law drawn by the court from a special finding of facts, admits that the finding is full and correct.

SAME.—*Pleading.*—*Supreme Court.*—*Practice.*—Where a plaintiff's case must stand or fall by the facts specially found by the court, and admitted to be correctly found, an alleged error in overruling a demurrer to an answer will not be considered on appeal.

TOWNSHIP.—*Highway.*—*Illegal Expenditures by Trustee.*—*Reimbursement of Township by County.*—*Action on Trustee's Bond.*—Although the acts of a township trustee in laying out a highway and building a bridge thereon are negligent and illegal, yet if, after the work is done, the county commissioners donate funds from the county treasury which fully reimburse the township for all expenditures in opening the highway and building the bridge, no action can be maintained by the township on the trustee's bond.

From the Perry Circuit Court.

*E. E. Drumb*, for appellant.

*C. H. Mason* and *W. Henning*, for appellees.

COFFEY, J.—This was a suit in the court below by the appellant, Marks, as the trustee of Troy township, in Perry county, against appellee Gottleib Vogel, and his sureties, upon his official bond as the former trustee.

The breaches of the bond alleged in the first paragraph of the complaint are, that the said Gottleib Vogel, while in office, as such trustee of Troy township, received of the funds of said township the following amounts, to wit: Fifty-six dollars belonging to the township fund, two hundred and thirteen dollars belonging to the road funds of said township, and thirty-nine dollars belonging to the special school fund of said township, in all the sum of two hundred and sixty-nine dollars; that he had said funds on hand at the time his office expired, and that he failed and refused to turn the

same over to the appellant, Marks, upon demand, or to in any way account for the same.

The breaches in the bond alleged in the second paragraph of the complaint are, that the defendant Gottleib Vogel, while in office, as trustee of Troy township, received two thousand dollars belonging to the township funds of said township, and three thousand dollars belonging to the road funds of said township; that he unlawfully employed one Henry Aberding to erect a new bridge over and across Windy creek in said township, at a cost of $213, not having notified the board of commissioners of the necessity of said bridge, not having procured a survey and estimate thereof, and not having procured an order regulating the erection of the same; that said bridge was erected in such an unskilful and negligent manner that it was worthless and fell down of its own weight; that the defendant Gottleib Vogel, as such trustee, well knowing the worthless condition of said bridge, paid the said Henry Aberding for the erection of the same the said sum of $213 out of the road funds of said township; that he unlawfully charged and retained out of the township funds of said township the sum of $56 for superintending the erection of said bridge, and for supervising the opening of a new road; that his report to the board of commissioners claiming credit for said sums was rejected and said claims disallowed.

The defendant Gottleib Vogel filed his separate answer to this complaint. The first paragraph is a general denial.

The second paragraph is substantially as follows:

That as trustee of Troy township in said county he was ordered by the board of commissioners of Perry county, at a special term held in September, 1887, to open a certain road in first order described in said township, leading from Tell City to Troy; that not having sufficient road funds on hands, and the means necessary to open said road, the said board agreed to advance whatever funds might be required to perform said work, and ordered the defendant to proceed and

construct said road; that pursuant to said order he did open said road and notified the said board of such fact; that said board at once carefully examined said work and accepted the same, and at its December term, 1887, entered of record an order to that effect, and issued an order in favor of said defendant for the sum of $2,080.28 with which to defray the expenses of said work, and directed him to pay for the same according to his account then exhibited to them and examined, approved and allowed by them; that pursuant to said order and allowance he paid for said work; that he filed his report as such trustee with said board at the April term thereof, 1888, which included the expense of opening said road and the allowance of said $2,080.28, but that said board on some wrong and trifling pretence refused to allow the bill formerly allowed by them of $2,080.28, and by him expended in opening said road, and deducted therefrom $213, which is the same item mentioned in the complaint and for which suit is brought, falsely and wrongfully pretending that said work was not properly constructed; that said item of $213 and an item of $56 for services due plaintiff for superintending said work were rejected by said board; that the same are justly due him, together with $20 for services in visiting schools in 1887, and that he is in no manner indebted to said township; wherefore he files said items of account as a set-off against the plaintiff's demand, and asks that they be allowed.

The other defendants answered by a general denial.

The plaintiff demurred to the second paragraph of the answer of Vogel, upon the ground that the same did not state facts sufficient to constitute a defence to the plaintiff's cause of action.

The demurrer was overruled and the plaintiff excepted. Plaintiff then filed a general denial in reply to the second paragraph of said answer, and the cause, being at issue, was submitted to the court for trial without the intervention of a jury. At the request of the plaintiff the court made a special finding of the facts and its conclusions of law thereon.

After finding the formal facts of the election and qualification of Vogel as the trustee of Troy township, that his term of office had expired, and that the relator, Nicholas Marks, was the duly elected and qualified successor in office of the said Vogel, the court finds that during the time the said Vogel was acting as trustee of said township of Troy he proceeded to erect, lay out and establish a new road in said township, known as the New Troy and Tell City Road, and also erected and built at the expense of said township a certain bridge upon said road ; that the total expense of said road and bridge was $2,080 ; that the cost of said bridge was $213, which the said Vogel paid to one Henry Aberding, who had contracted for the building and construction of the same, and the said Vogel also retained the sum of $56 for his services for superintending the erection of said bridge and the opening of said road, all of which money was paid by him out of the road funds of said township ; that the said Vogel did not, prior to the laying out of said road and erection of said bridge, first procure from the board of commissioners of said county of Perry any estimate or survey thereof, nor any order or direction from said board regarding the opening of said road or erection or construction of said bridge ; that afterwards, at the December term, 1887, said board made an order reimbursing the road fund of said township for all the material furnished, labor performed, and all expenses that the township incurred in the establishment of the said road and the construction and erection of said bridge, to wit, the sum of $2,080, which included the said $213 for said bridge and the said $56 for said Vogel's services as superintendent. The court further finds that the said bridge was constructed in an unskilful and defective manner, and was worthless as a bridge in the condition in which it was ; that the said board of commissioners, after making a careful examination of said new road, and after proper advisement in the premises, found that the necessary expenses incurred by said township in the construction of said road were greater

than the road fund of said township was then able to meet, or would be able to liquidate, in the near future, and they found it legally proper that the county should pay the expenses incurred in the location of said highway, and thereupon made said allowance of $2,080 to said Vogel as trustee, to be applied by him to the reimbursement of said road fund in full for all expenses incurred to the said fund in the establishment of said road, and that said Vogel in fact applied said money to the payment of said road and bridge work.

The court finds that the payment of said sum of $2,080 by said board of commissioners necessarily included the payment of the said sums of $213 and $56 for said bridge and services of said Vogel, and that, therefore, the said township is not out anything, and has not lost anything by reason of the said bridge being defective and worthless, or by reason of the expenditure by said Vogel of said sums of $213 and $56.

From these facts the court makes the following conclusions of law : *First,* that the defendants are not liable on said Vogel's bond for the acts complained of; and, *secondly,* that the plaintiff and relator is not entitled to recover anything by virtue of the premises, and that the finding ought to be for the defendants.

To each of the conclusions of law the appellant excepted. The defendants had judgment for costs, and the plaintiff appeals therefrom to this court, and assigns as error :

1st. That the court erred in overruling the demurrer to the second paragraph of the answer of the defendant Gottleib Vogel; and,

2d. That the court erred in its conclusions of law on the special findings.

By excepting to the special conclusions of law the appellant admits that the facts in the case are fully and correctly found. *Robinson* v. *Snyder,* 74 Ind. 110 ; *Fairbanks* v. *Meyers,* 98 Ind. 92; *Bass* v. *Elliott,* 105 Ind. 517 ; *Wynn* v. *Troy,* 109 Ind. 250 ; *Warren* v. *Sohn,* 112 Ind. 213.

We have not, therefore, inquired into the question as to

whether the court erred in overruling the demurrer of appellant to the answer of the appellee Vogel, as it is evident that the case for the appellant must stand or fall by the facts found by the court. *Martin* v. *Cauble,* 72 Ind. 67.

It may be conceded that the acts of Vogel in laying out, establishing and opening the road referred to in the special finding, without an order of the board of commissioners, was unauthorized and illegal. So, also, was his action in building the bridge therein named. But it appears from the finding that, after all the work had been done, the board of commissioners of Perry county furnished the funds from the county treasury to fully reimburse Troy township for all her expenditures in opening the road and in the building of the bridge, and that the same was in fact paid out of this donation from the county. We are unable to conceive of any principle of law or justice by which Troy township can claim to be twice reimbursed for this outlay of money; and if it has been reimbursed by Perry county, it is self-evident that if Vogel and the sureties on his official bond are required to pay the money for which this suit is prosecuted, such will be the result. If Vogel had furnished the $2,080 with which to pay the expense of opening the road and building the bridge out of his private funds, it certainly would not be contended that he should pay the claim now in suit, because Troy township has lost nothing.

How does it concern the township whether the money was furnished by Vogel or by some other person, so long as it loses nothing by the transaction?

We do not think the court below erred in its conclusion of law upon the facts found. We think the judgment of the court below should be affirmed.

Judgment affirmed.

Filed Jan. 30, 1889.