STATE BOARD OF TAX COMMISSIONERS ET AL v.
McDANIEL ET AL.

[No. 25,319.    Filed March 7, 1928.]

1.    EVIDENCE.—*Duly certified copy of record of proceedings of State Board of Tax Commissioners best evidence as to its proceedings.*—The tax statute of 1919, and as amended in 1921 (Acts 1921 p. 638, 646, cl. 12, §14217 Burns 1926), expressly provides that a copy of the record of the proceedings of the State Board of Tax Commissioners, duly certified by the chairman of the board and attested by the secretary, under the seal of the board, shall be sufficient evidence of

its proceedings and orders, and thus makes such copy the best evidence of the board's proceedings.   p. 715.

2.  EVIDENCE.—*Courts take judicial knowledge of the time fixed by statute for various meetings of State Board of Tax Commissioners.*— The courts judicially know that July 22, 1925, the date fixed by the State Board of Tax Commissioners for the consideration of the assessments of the real estate of Shelby county, was not fifteen days after the fifth day of its second regular session as required by statute (Acts 1921 p. 638, §14221 Burns 1926).   p. 715.

3.  TAXATION.—*Jurisdiction and powers of State Board of Tax Commissioners are specifically fixed and limited by statute.*—The State Board of Tax Commissioners is not one of general jurisdiction, but its jurisdiction and powers are specifically fixed and limited by statute, and the method of procedure is plainly and unequivocally set forth in the law.   p. 716.

4.  TAXATION.—*Order of State Board of Tax Commissioners directing increase of valuation of land in certain county held void when hearing held prior to date fixed by statute.*—An order of the State Board of Tax Commissioners directing a county board of review to increase the assessment and valuation of all land and improvements a certain per cent. was void where the hearing on the review of county assessments, as provided by §14221 Burns 1926, was held prior to the date fixed by statute.   p. 716.

5.  EQUITY.—*Equitable relief available to one whose property will be affected by void administrative order, although statute provides remedy.*— A property owner is not required to follow the legal route prescribed by law to free himself from a void administrative order which, if executed, will deprive him of his property, but he may resort to equity for instant relief.   p. 717.

6.  TAXATION.—*Taxpayer may resort to equity for relief from void order of State Board of Tax Commissioners although legal remedy is provided.* —A taxpayer whose property will be affected by a void order of the State Board of Tax Commissioners may resort to equity for relief by injunction although the statute provides a remedy for parties claiming to be aggrieved by the action of the board.   p. 717.

7.  TAXATION.—*State Board of Tax Commissioners cannot set aside its orders or decisions, even when obtained by fraud.*—The State Board of Tax Commissioners has no equity jurisdiction or powers and cannot set aside its own orders or decisions, even when obtained by fraud. p. 717.

8.  PLEADING.—Overruling a motion to make a pleading more specific was proper where the motion really sought the pleading of evidentiary facts.   p. 718.

9.  APPEAL.—*Demurrer to complaint not considered when special finding of facts sustained by evidence.*—Alleged error in overruling a demurrer to the complaint will not be considered on appeal where there was a special finding of facts sustained by the evidence.   p. 718.

From Shelby Circuit Court; *H. C. Morrison,* Judge.

Suit by Erastus W. McDaniel and others against the State Board of Tax Commissioners and others. From a judgment for the plaintiff, the defendants appeal. *Affirmed.*

*Arthur L. Gilliom,* Attorney-General and *Conner D. Ross,* Assistant Attorney-General, for appellants.

*E. K. Adams, Albert F. Wray, Michael O. Sullivan, Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Perry E. O'Neal,* for appellees.

TRAVIS, J.—This is a suit in equity by appellee Mc-Daniel, for himself and all others similarly situated, to enjoin the State Board of Tax Commissioners, and the individual members thereof, and the auditor and treasurer of Shelby county, from enforcing an equalization order made by the State Board of Tax Commissioners August 13, 1925, pursuant to §181 of an act concerning taxation etc., Acts 1921 p. 638, §14221 Burns 1926; which order affected Shelby county, and ordered: "An increase of five per cent. (5%) on all lands and the improvements thereon in the entire county." Upon the request of appellants, as defendants below, the court found the facts specially, and stated its conclusions of law thereon:

The conclusions of law were in favor of the plaintiff: That he recover in this action; that the five per cent. increase order made by the State Board of Tax Commissioners is null and void; and that the defendants be permanently enjoined from enforcing or attempting to enforce the order complained of. The judgment permanently enjoined each and all of the defendants from enforcing the order made August 13, 1925, by the State Board of Tax Commissioners.

Appellants assign errors upon the action of the trial

court: (1) Overruling appellants' motion to make plaintiff's complaint more specific; (2) overruling appellants' demurrer to plaintiff's complaint; (3) upon the conclusions of law; and (4) overruling appellants' motion for a new trial.

Appellants, the State Board of Tax Commissioners, and the individual members thereof, met in second regular session July 7, 1925, which was the first Tuesday after the first Monday of July following their first session (§14211 Burns 1926), and on that day considered the assessments of the real and personal property of the various counties of the state for the year 1925, and determined the counties in which assessment of the real estate and personal property, or both, appeared to be improperly assessed (§14221 Burns 1926); and fixed a day, to wit: July 22, 1925, which, as stated by the board's order, was the third day of the third regular session of the board, as the day when it would consider the matter of the modification of the assessments of such property in Shelby county, and made an order directing the manner in which the hearing would be had in reference thereto, and providing that notice be given to taxpayers. A hearing was held by appellant board on the modification of the assessment of both real and personal property in Shelby county, and the board took the matter under advisement. Thereafter, July 30, 1925, which was the eleventh day of the third regular session of the board, the board made its finding and determined that the board of review of Shelby county should make the change in the assessment of Shelby county to effect "an increase of five (5%) per cent. on all lands and improvements outside of incorporated cities and towns," and directed the board of review of Shelby county to make distribution among the various taxing units so that the total for the county would equal the change suggested; and ordered further that "when recommendations are

made by the state board that affect only a part of the taxing units of the county, and such recommendations are not adopted by the county board of review, the state board will be compelled to make increases or decreases affecting the whole county." Upon this finding, the appellant board ordered that the county board of review of Shelby county convene in special session Tuesday, August 4, 1925, to consider the recommendations set forth in the finding, and to take such action as is required by law and make return of its action not later than August 10, 1925. A certified notice of the action so taken by the appellant board was sent to the auditor of Shelby county. Pursuant to the action of appellant board, the county board of review of Shelby county met in session August 4, 1925, at which session it considered the action of the State Board of Tax Commissioners as certified to the auditor of Shelby county by the resolution adopted by the state board wherein it was recommended that "an increase of five (5%) per cent. on all lands and improvements outside of incorporated cities and towns" in Shelby county be made, which was the state board's equalization order which affected Shelby county. The action taken by the county board of review of Shelby county at its session, which continued but the one day, was "that we oppose an increase assessment of five per cent. on lands and improvements outside of incorporated cities and towns in Shelby county, Indiana, as recommended by the State Board of Tax Commissioners," and certified its action to the State Board of Tax Commissioners August 8, 1925. On August 13, 1925, which was the twenty-fifth day of the third regular session of the State Board of Tax Commissioners, the board, after having had the returns from the several auditors of the counties of the action of county boards of review, together with other reports and returns of officers, had its final consideration of the classes of prop-

erty separately, as directed by §192 of the act in relation to taxation, Acts 1919 p. 312, as amended Acts 1921 p. 640, §14232 Burns 1926, and from such consideration made its finding, determination and order in relation to Shelby county, for "an increase of five per cent. (5%) on all lands and improvemets thereon in the entire county"; and that the county auditor make or cause to be made all necessary computations and changes to conform to these findings and determinations, and extend on the proper tax duplicate, in lieu of the amounts fixed by the township or county officials or by the board of review, the amounts resulting from the equalization change, and that, when such changes are made, the same shall be considered as affirmed and approved, subject however to such changes in such assessments as may be made upon appeal, or upon certification and review by the State Board of Tax Commissioners. This order by the State Board of Tax Commissioners was certified to the auditor of Shelby county the same day that the order was made. Upon the receipt of the final order made by the State Board of Tax Commissioners, the auditor of Shelby county asked the board for an interpretation of its order upon the point whether the five per cent. increase was to be made on assessments of land within the corporate limits of the city of Shelbyville and the corporate limits of the towns of Morristown and St. Paul. The board, by J. J. Brown, its chairman, instructed the auditor of Shelby county, in writing, that its order of August 13, 1925, was to apply to all lands outside of cities and towns and included all unplatted lands within the cities and towns, but that the order did not apply to town or city lots or improvements thereon. Thereafter, the auditor of Shelby county, complying with the interpretation by the State Board of Tax Commissioners, began the work of adding the five per cent. increase to the tax valuation for the year 1925, as made by the

assessors and county board of review upon the lands and improvements in Shelby county and upon the unplatted lands within the corporate limits of the city of Shelbyville and the towns of Morristown and St. Paul, for the purpose of enabling him to transfer such total assessments to the tax duplicate of Shelby county which were to be thereafter delivered to the treasurer of the county for use in the collection of the taxes, which included the five per cent. increase for the year 1925.

The evidence which supports the narrative of facts above stated is in the form of a certified copy (marked exhibit No. 5) of the proceedings of the State Board of Tax Commissioners (§14217 Burns 1926) which have relation to all acts by the board leading up to the final order as made August 13, 1925, and the testimony of the secretary of the state board.   It seems to be the proposition of appellants, that if the special findings of the court which support the foregoing narrative are not sustained by sufficient evidence, there is not evidence to support appellee's complaint, and the actions of the board, under the presumption of regularity, are valid. Under appellants' assignment of error, based upon overruling their motion for a new trial for the reason that the evidence is not sufficient to support the findings of the court, attack is made upon the introduction of exhibit No. 5 hereinbefore referred to, and error is based upon the court overruling appellants' objection to the offer in evidence of the proceedings of the tax board as shown by exhibit No. 5, which objection is as follows:   "The only objection defendants have to the introduction of this transcript in evidence is that the order of the board if presumed to be valid, and there has been no evidence introduced to show that the board acted arbitrarily or fraudulently, or that it acted arbitrarily with respect to the county in relation to other counties in the state;

otherwise we have no objection." This objection was overruled.

The statue provides that appellant board shall meet in its second regular session, according to the calendar, July 7, 1925, the first five days of which session shall be devoted to consider the assessments of property of the various counties, as stated in the language of the statute, during which first five days, it shall determine the counties in which the assessment of property appears to be improperly assessed, and "fix a day or days in the" third regular session, "not earlier than fifteen days from the expiration of said five days," for hearings and consideration of the matter of the modification of the assessments concerning these counties.

Exhibit No. 5, which was admitted in evidence over objection, disclosed the action taken by the appellant board, and the day or days when such action was

1. so taken, which related to the order in controversy, and which concerned the assessed valuation of land and the improvements thereon in Shelby county. By virtue of the act concerning taxation (§14217 Burns 1926), exhibit No. 5 was sufficient evidence to prove the actions and orders made by appellant board in this matter; and by virtue of the statute, the exhibit was the best evidence. It being a correct exhibit of the actions of appellant board in the premises, it was sufficient to prove whether it performed its duties according to procedure prescribed by the statute. Upon this record must be determined the validity or invalidity of the action taken by the board, and of the order in controversy.

The court judicially knew that July 22, 1925, the date fixed by appellant board for the hearing for Shelby county, was not fifteen days after the fifth day

2. of its second regular session required by the statute.

With exhibit No. 5 in evidence, it is disclosed, what

has already been said or intimated, that the individual defendants, appellants here, who are members of the State Board of Tax Commissioners, attempted on a day not authorized by law, but specifically in derogation thereof, held a public hearing, the proceedings of which were the foundation on which is founded the order increasing taxation in Shelby county.

It will not be doubted that the State Board of Tax Commissioners is a creature of the people through legislative enactment as an administrative agent to 3, 4.   aid in gaining for the whole people a uniform and equal rate of assessment and taxation (Art. 10, §1, Constitution).   This board, as a proper tribunal, is authorized to consider and to make orders which might affect adversely many citizens.   The citizen so affected had recourse through the law to two notices when matters affecting him were to be heard by the board:   (1) The statute provides, and the citizen takes notice through the statute (§181), that the board may not hear his case except within the time as prescribed by the statute; and (2) within the prescribed limits of time authorized by the statute, the board should fix a day on which the citizen would be heard, notice of which must be given (§182). This board is not one of general jurisdiction; its jurisdiction and powers conferred by statute are limited.   Not only are the orders which it may make particularly described and limited, but the method of procedure which the board must pursue is plainly and unequivocally set forth in the law.   Twice within recent years have the courts decided that the powers conferred upon the board are limited by the statute (*State Board Tax Comm.* v. *Belt R., etc., Co.* [1921], 191 Ind. 282, 285, 130 N. E. 641; *Gray* v. *Foster* [1910], 46 Ind. App. 149, 92 N. E. 7); but it has also been decided by the courts that where the statute provides the procedure through which the board must proceed as a foundation for its orders, such pre-

scribed procedure must be followed implicitly, and such procedure is a measure of the power given. *Hyland, Auditor,* v. *Brazil Block Coal Co.* (1891), 128 Ind. 335, 339, 26 N. E. 672. In the case at bar, the record shows conclusively that not only did the board not follow the procedure lawfully prescribed, but that it wilfully disregarded the statute pertaining thereto.

Appellant insists that the language of the statute concerning notice is directory merely, and that the legislature might have enacted a law which did not afford notice to the citizen of the acts which might be taken against him by this tribunal. It is unnecessary to consider appellees' contention that those sections of the law which provide for the action sought to be taken by the board in this case are unconstitutional, both as to the State Constitution and the Federal Constitution, for the reason that the law does provide for special notice both upon the auditor of the county affected and upon the citizens of the county. It might be said that a summons issued and served upon a citizen before an action was brought, he being thereafter made a defendant by a proper action, was sufficient process under a motion to quash the writ.

Appellant board urges the proposition that this is not a proper case for equity because, as it premises, it is fundamental that equity will not interfere to enjoin the acts of administrative or taxing officers, where the statute itself under which the officers act provides a remedy for parties claiming to be aggrieved by the action of appellant board. The reply is that equity will come to the rescue of one under duress because of a void act. A party is not required to follow the legal route prescribed in law to overcome an order that is void. Where he desires to free himself of a void administrative order which, if executed, would deprive him of his property, he may resort to equity for instant

relief. *Smith* v. *Smith* (1902), 159 Ind. 388, 65 N. E. 183, and cases there cited; *State, ex rel.,* v. *Board, etc.* (1903), 162 Ind. 580, 601, 68 N. E. 295, 70 N. E. 373, 984. The right to resort to equity was recognized in the case of *State Board of Tax Comm.* v. *Belt R., etc., Co. supra.* The State Board of Tax Commissioners is not invested with general powers as a court, and therefore it has no equity jurisdiction or powers, and it cannot set aside its own judgments or orders, even when obtained by fraud. Hence it would be useless to invoke the aid of the board itself to change an order, such as the one at bar, unless the relief desired was for the purpose only of correcting its record to make it speak the truth. *Hull* v. *Board, etc.* (1924), 195 Ind. 150, 163, 143 N. E. 589, 593.

Appellants insist that the court committed error in overruling their motion to make the complaint more specific. Without setting out the parts of the complaint referred to by the motion, and the motion itself with its many numbered causes, it is sufficient to say that it is the opinion of the court that the motion sought to compel plaintiff to plead evidentiary facts. The facts alleged were ultimate, and not subject to the criticism that they were conclusions of law. Appellants also insist that the court committed error in overruling their demurrer to the complaint. The complaint stated facts concerning the record of the proceedings of the board which led up to, and were the foundation for, the order here in question made by the board. It is unnecessary to decide whether the demurrer was well taken or not. The special findings of fact we uphold as against the challenge that they are not sustained by sufficient evidence. Under such a state of the record, an alleged error in overruling a demurrer to a complaint will not be considered, for the reason that the judgment must stand or fall by the

special findings of fact. *State, ex rel.,* v. *Vogel* (1889), 117 Ind. 188, 193, 19 N. E. 773.

We therefore hold that the court did not err in overruling the appellants' motion for a new trial, that the conclusions of law were correct upon the special findings of fact, and that the court did not err in overruling appellants' motion to make the complaint more specific.

Judgment affirmed.