McCreery, County Auditor, et al. *v.* Ijams.

[No. 17,249. Filed February 15, 1945. Rehearing denied March 12, 1945. Transfer denied May 21, 1945.]

*Charles H. Bedwell* and *Norval K. Harris*, both of Sullivan, *James A. Emmert*, Attorney General, and *Robert Hollowell, Jr.*, Deputy Attorney General, for appellants.

*Will H. Hays*, *Hinkle C. Hays*, *John T. Hays*, *Will H. Hays, Jr.*, *Alonzo C. Owens*, *John S. Taylor*, and *J. Olias Vanier*, all of Sullivan, for appellee.

DRAPER, C. J.—Appellee, the owner of the coal underlying several hundred acres of land in Haddon Township in Sullivan County, brought this action against the then Auditor and Treasurer of that county, to perpetually enjoin the collection of taxes alleged to be based upon an unlawful reassessment and revaluation of the property as fixed by the Board of Review of that county.

The court entered a judgment perpetually enjoining the appellants "from collecting or attempting to collect any taxes based on the reassessment of the Sullivan County Board of Review made on the 30th day of October, 1939, on plaintiffs mineral lands," fully describing them. The appellants filed their motion for new trial and assign error in the overruling thereof.

In 1932 the property was assessed at $5,255. On June 27, 1939, the State Board of Tax Commissioners adopted a resolution pursuant to the provisions of Chapter 19 of the Acts of 1937 declaring its belief that

it was necessary, in order to maintain a just and equitable valuation, that the mineral properties, including the surface under which minerals are deposited and are in the course of being developed, located in Sullivan County, be reassessed, and ordering a hearing in that regard to be held on July 10, 1939.

Notice was given, the hearing held and on September 18, 1939, the State Board adopted its final order directing the reassessment of minerals under certain lands, including the minerals owned by appellee, but in the order failed to fix the effective date of the assessment, that being fixed as March 1, 1939, by a supplemental order adopted by the State Board on November 17, 1939.

Whether the Township Assessor of Haddon Township made a legal reassessment of the appellee's property in compliance with the order of the State Board is in dispute; the appellants claiming he lawfully assessed the property at $12,275 and the appellee claiming he did not.

On July 1, 1939, the State Board made an order directing the Board of Review, which had convened on the first Monday in June, 1939, to recess on July 5, on which date it had been in session for twenty-eight days, to be reconvened later at a time to be fixed by the State Board. The Board of Review did so, and on October 14, 1939, the State Board ordered the Board of Review to reconvene on October 30, 1939, to review this and other assessments. Pursuant to that order the Board of Review reconvened and increased the assessment of appellee's coal to the sum of $15,905.

The State Board had on July 1, 1939, relying on § 64-1309, Burns' 1943 Replacement, § 15713, Baldwin's 1934, adopted an amendment to its Rule No. 6 which amended rule reads as follows:

"Whenever under the circumstances above set out (when an ordered reassessment is not com-

pleted in sufficient time to authorize the Board of Review to pass upon such assessments within the time otherwise limited by statute) the time limited for any session of the Board of Review, as otherwise provided by statute, shall expire before such re-assessment has been completed so as to make it impossible for said Board of Review within the time thus limited by statute to review such assessments during the year in which they are made, upon the finding of the State Board of Tax Commissioners of such fact said State Board may order the Appropriate Board of Review to Recess or to continue in session at any time which the Board may in its discretion fix and to thereafter reconvene or continue for such time as shall be fixed by said Board for the purpose of considering such re-assessments. In any order made by the State Board of Tax Commissioners, pursuant to this rule, it shall fix the number of days for such reconvened or continued session, which number shall be no more than is reasonably required to review such re-assessments, and shall fix the expenses as provided in Section 152(A) of said Amended Act."

On the trial of the cause the parties stipulated as follows:

"It is stipulated and agreed by and between the parties hereto that the plaintiff has paid the taxes on the assessment as fixed prior to March 1, 1938, and has not paid taxes on the proposed assessment by the County Board of Review, and the Treasurer will undertake to collect these taxes unless he is enjoined by this Court.

"It is further stipulated that the plaintiff has paid no taxes upon the assessment fixed by the Township Assessor of Haddon Township following the order of the State Board of Tax Commissioners."

The appellants contend the action of the Board of Review was in all things legal and valid, and if not, that injunctive relief could not be granted in the absence of a showing that the assessment of the appellee's prop-

erty, as increased by the Board of Review, was larger than it should have been.

Section 64-1201, Burns' 1933, § 15700, Baldwin's 1934, then in effect, provided that the Board of Review should meet on the first Monday in June annually. Section 64-1205, Burns' 1933, § 15704, Baldwin's 1934, provided that in counties the size of Sullivan County the "duration of the session of the Board of Review shall not exceed 30 days, except in the years for the assessment of real estate," in which years the statute provided that the duration of the session of said board should not exceed 40 days. The statute contemplated one continuous session, to begin and end as provided. Once started, the time continued to run, and the time limited by the statute constituted the term during which the Board could act. Thus the attempted action by the Board of Review, taken as it was, on October 30, 1939, came at a time when their right to act had expired, and their action of that date was without authority of law and void, *Yocum, Auditor* v. *First National Bank of Brazil* (1896), 144 Ind. 272, 42 N. E. 231; *State Board Tax Comm.* v. *Belt R., etc., Co.* (1921), 191 Ind. 282, 130 N. E. 641, unless saved by the amendment to Rule 6 of the State Board of Tax Commissioners and its orders issued pursuant thereto.

The State Board of Tax Commissioners does have statutory authority to make rules and regulations to carry out the purposes for which it is constituted, §§ 64-1309, 64-2826, Burns' 1943 Replacement, § 15713, Baldwin's 1934, but it has no authority to enact law or add to or detract from the law as enacted, nor may it by rule extend its powers beyond those conferred upon it by law. The legislature prescribed the time when the Board of Review should convene and the period of time during which it could legally function

and the State Board of Tax Commissioners had no authority to enlarge it by rule or otherwise. *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145. We are, therefore, of the opinion that the action taken by the Board of Review at its meeting commencing October 30, 1939, increasing the assessed valuation to $15,905 was wholly void and without effect. Sections 64-1201 and 64-1205, Burns' 1933, §§ 15700 and 15704, Baldwin's, 1934, were amended by Chapter 103 of the Acts of 1943 to permit the State Board to require sessions of the Board of Review and to fix the time for and duration of such sessions. That legislation could not affect the meeting under consideration, and it was probably enacted to obviate the situations arising from then existing law as above construed.

Judge Fansler said in his concurring opinion in the case of *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 190 N. E. 185:

> "The decisions of this court interpreting the term 'wrongful assessment' are conflicting. I feel constrained to adhere to that line of cases which holds that to be wrongful an assessment must not only be illegal, but also unjust and inequitable. Appellees do not allege that their assessment is unjust or inequitable. One is bound to know that his property is subject to some tax, and a just and equitable assessment should not be enjoined or refunded because of lack of notice, or other irregularity, or illegality in the making of it."

It was not an over-statement to say that the decisions are conflicting. However, it seems to us that we can logically deduce from them the rule that while the collection of taxes resulting from a void assessment, such as one made by a Board when it was legally powerless to act may be enjoined, *State Board of Tax Commissioners* v. *McDaniel* (1928), 199

Ind. 708, 160 N. E. 347; *Yocum, Auditor* v. *First National Bank of Brazil, supra,* see also *Board of Commissioners* v. *Millikan, supra,* the collection of taxes resulting from an assessment informal or irregular only, will not be enjoined in the absence of a further showing that the assessment was larger than it should have been. *Hunter Stone Company* v. *Woodard* (1889), 152 Ind. 474, 53 N. E. 947; *Fell* v. *West* (1905), 35 Ind. App. 20, 73 N. E. 719; *People's Gas, etc., Co.* v. *Harrell* (1905), 36 Ind. App. 588, 76 N. E. 318.

There was no evidence as to the value, relative or otherwise, of appellee's property, but the order of the Board of Review being not informal or irregular merely, but wholly void, and being one the execution of which would deprive appellee of his property, he could resort to equity for instant relief, without resorting to the legal route prescribed by law to overcome it. *State Board of Tax Commissioners* v. *McDaniel, supra; Yocum, Auditor* v. *First National Bank of Brazil, supra,* and cases therein cited.

The appellants next contend that the assessment made by the Township Assessor pursuant to the order of the State Board was valid, and taxes based thereon were collectible without regard to the later action of the Board of Review. They insist therefore that appellee was not entitled to injunctive relief in this case for the reason that those taxes were neither paid nor tendered by appellants, and in their brief they assert that although the appellee paid the taxes based on the 1932 assessment, "all of the remainder were enjoined by the court." But the judgment of the Court was not so broad. If any of the taxes against which an injunction was issued in this case were legally assessed, the appellants' position would be tenable, but the rule sought to be invoked obtains only where it is sought to enjoin

the collection of taxes, part of which are illegal and part legal. In other words, it is only where some of the taxes *sought to be avoided* are legal that payment or tender of the legal portion must be made. In this case the court enjoined only the collection of taxes based on the void action of the Board of Review. None of those taxes were legally assessed. They were void in their entirety, and therefore, no payment or tender was necessary. *Yocum, Auditor* v. *First National Bank of Brazil, supra; Bell, Auditor* v. *Meeker* (1906), 39 Ind. App. 224, 78 N. E. 641.

If taxes are legally collectible under an informal and irregular, but nevertheless valid assessment made by the Township Assessor, a question not before us and one we do not decide, the appellants may proceed to collect them, for there is nothing in the judgment under consideration that forbids it.

Since the argument in this case, all parties have requested that James McGarvey be substituted for Hugh Pete McCreery as Auditor, and that Hudson A. Bland be substituted for Thomas J. Brunker as Treasurer of Sullivan County. It is so ordered and said substitutions are now made.

Judgment affirmed.

Hamilton, J. not participating.

NOTE.—Reported in 59 N. E. (2d) 133.