STATE BOARD OF TAX COMMISSIONERS ET AL. *v.*
STANLEY ET AL., ETC.

[No. 18,281. Filed May 15, 1952. Rehearing denied June 26, 1952. Transfer denied November 17, 1952.]

65

*J. Emmett McManamon,* Attorney General, *Walter O. Lewis,* Deputy Attorney General, for appellant.

*A. B. Chipman* and *Roy Sheneman,* both of Plymouth, for appellees.

CRUMPACKER, J. This is a class action instituted by the appellees on behalf of themselves and all other owners of taxable real estate in Marshall County, Indiana. Its purpose is to enjoin the appellants Fred H. Kuhn and Harold E. Rose, as au-

ditor and treasurer respectively of said county, from levying and collecting taxes for the year 1950 on all real estate therein based on a valuation fixed by an administrative order of the appellant State Board of Tax Commissioners made on August 8, 1950. The State Board came into the case upon a petition to intervene as a party defendant after the appellants Kuhn and Rose had demurred to the complaint and had been overruled. The finding and judgment is for the tax payers and the State Board appeals making Kuhn and Rose, in their official capacity, nominal appellants. They filed no briefs and are in no way complaining of the judgment and under the circumstances should have been joined as appellees rather than appellants. This is of little consequence and would require no comment except for the first assignment of error which is as follows: "The trial court erred in overruling appellants' demurrer to appellees' amended complaint." The demurrer in question was filed by Kuhn and Rose alone and if they were actual appellants said assignment would present a question for determination. They are not asserting it, however, and any error involved is not available to the appellant State Board because such error, if any, was committed against its co-parties only. *Wiley, Trustee,* v. *Coovert* (1891), 127 Ind. 559, 27 N. E. 173; *Marsh* v. *Morris* (1893), 133 Ind. 548, 33 N. E. 290.

The evidence tends to prove the following facts: Pursuant to Ch. 225 of the Acts of the General Assembly of Indiana for the year 1949, the same being "An Act concerning reassessment of real estate and improvements thereon for taxation purposes," Burns' Stat., §64-1019, the various township assessors in Marshall County duly reassessed all the real estate and improvements thereon in said county effective as of

March 1, 1950, on which to base taxes for the year 1950, payable in 1951. Said reassessment was made under the general supervision of the State Board of Tax Commissioners pursuant to rules, regulations, forms and standards adopted by said board under authority of §64-1019, *supra*. Each of said township assessors completed his work within the time provided by the Act and made return thereof to the auditor of Marshall County. The aggregate value of all lands and the improvements thereof in the county, as shown by said returns, is $53,103,398. The County Board of Review of Marshall County, in special session on March 14, 1950, ordered a horizontal reduction of 10 percent in the value of all lands and improvements thereon in the county as fixed by said assessors, thus reducing the aggregate assessment to $47,793,059.

On July 25, 1950, pursuant to due notice, the appellant State Board of Tax Commissioners held a public hearing in the state house at Indianapolis at which time, according to its records, "the assessments as to lands and improvements in all the counties, local taxing units and subdivisions thereof in the entire state were considered for the purpose of equalizing the same with respect to other counties throughout the state and within the local taxing units and subdivisions thereof." As a result of this hearing the appellant State Board found and determined "that it was necessary to modify or change some assessments for the purpose of obtaining a proper and just equalization throughout the entire state and within said counties" and to that end, on August 8, 1950, ordered that the assessments of the lands and improvements thereon in Marshall County, as fixed by its Board of Review in the sum of $47,793,-059., be increased 10 percent, thereby restoring them to the total originally determined by the assessors.

The appellees predicate their right to relief on the alleged invalidity of this order on the basis of which the appellants Kuhn and Rose, as auditor and treasurer respectively of Marshall County, were levying and collecting taxes when enjoined by the judgment from which this appeal is taken. Assuming without deciding that the appellant State Board's order of August 8, 1950, is illegal and void, it is apparent that the appellees' right to injunctive relief rests upon the validity of the order of the Marshall County Board of Review wherein it concluded that the aggregate assessment of all the lands and improvements thereon in the entire county, as fixed by the assessors, was too high and reduced the same "across the board" by 10 percent. If this order is invalid it is obvious that the appellees were not harmed by the action of the appellant State Board on August 8, 1950, which made no increase in assessed valuations as determined by the assessors.

The only power vested in the Marshall County Board of Review, in the event it found the aggregate assessment too high or generally so unequal as to make it impracticable to equalize the same, was to set aside the assessment of the whole county and order a new assessment with instructions to the assessors to reduce the aggregate assessments of their respective taxing units in such amount as the board determined right and just and consistent with law. Burns' Stat., §64-1205. This the Marshall County Board of Review made no pretense of doing. Nor can its action be justified on the theory that it was in the exercise of its powers of equalization. If the returns of the assessors show inequalities in the valuation of some property in comparison with that fixed for other property of a similar kind or nature or inequalities

between townships, subdivisions of townships or other taxing units in the county, it is clear that a 10 percent reduction "across the board" would not accomplish the equalization thereof.

In speaking of the State Board of Tax Commissioners the Supreme Court has said that "where the statute provides the procedure through which the board must proceed as a basis for its order, such prescribed procedure must be followed implicitly and such procedure is the measure of the power given." *State Board Tax Comm.* v. *McDaniel* (1928), 199 Ind. 708, 160 N. E. 347; *Hyland, Auditor* v. *The Brazil Block Coal Company* (1891), 128 Ind. 335, 26 N. E. 672. County boards of review are no less creatures of the statute than is the State Board of Tax Commissioners and there is no sound reason for relaxing the above rule as to them.

The testimony of William W. Oberlin, a member of the Marshall County Board of Review, as to the procedure followed in reducing the aggregate valuation as shown by the assessors' returns, is undisputed and is as follows:

"We had a special meeting of the Board of Review on March 14, 1950, and went into regular session on April 1, 1950. At the time we had our regular sessions, we had available the returns from all the assessors of Marshall County. On March 14th, in the special session, we examined the returns and made a horizontal cut of ten percent on each piece of real estate and improvements in Marshall County. This meeting that was held on March 14th consisted of the five members of the Board of Review and nine Township Assessors and one elected Assessor in Marshall County and the vote which was a secret ballot on whether we were to leave the assessment stand was eight to seven in favor of reducing. We finally determined on a cut. The vote on that was unanimous."

This procedure was clearly illegal. Ten individuals who were not members of the board participated in a decision in which they had no legal voice. The decision was arrived at by secret ballot and it is impossible to determine whether or not the majority of the board members, without whose sanction it could not be valid, voted for the reduction.

Injunction will not lie where, if granted, it will render effective an illegal act. 43 C. J. S., Injunctions, §33, p. 467. The appellees' asserted rights spring from a void order upon which they can predicate no suit. The validity of the appellant State Board's order of August 8, 1950, is immaterial as it does not increase the appellees' assessments over those fixed by the assessors' returns which, on the record in this case, remain the basis for the levy and collection of taxes in Marshall County for the year 1950.

We see no reason for a new trial and the judgment is therefore reversed with instructions to the trial court to enter judgment for the defendants below.

NOTE.—Reported in 105 N. E. 2d 830.

## ON PETITION FOR REHEARING

CRUMPACKER, J.—In our initial opinion herein we held that the action of the Marshall County Board of Review, wherein it concluded that the aggregate assessment of all lands and improvements thereon in the entire county as fixed by the township assessors was too high and reduced the same "across the board" by 10 percent, was void as the procedure followed was not in meticulous conformity with that required by Burns' Stat., §§64-1201 and 64-1205. *State Board of Tax Comm.* v. *McDaniel* (1928), 199 Ind. 708, 160 N. E. 347; *Hyland, Auditor* v. *The Brazil Block Coal Com-*

*pany* (1891), 128 Ind. 335, 26 N. E. 672. Such being the situation we held that injunctions will not lie where, if granted, it will render effective an illegal act. 43 C. J. S., Injunctions, §33, p. 467.

In their petition for a rehearing the appellees contend that the controversial order involved is valid because (1) it was agreed upon unanimously by the board of review and the township assessors and, even if the assessors had no authority to cast their votes on the question, their participation did no harm but on the contrary manifested their approval of the "cut" and thus the spirit and purpose, if not the letter, of §64-1205, supra, was satisfied; and (2) said "cut" was made under the authority of Acts of 1949, Ch. 225, §5, p. 724, Burns' Stat., §64-1019, note, 1951 Replacement, which provides as follows:

> "The taxing officials of any county may adopt such lower rate of assessment as they shall deem just and proper for such county, subject, however, to equalization by the State Board of Tax Commissioners in the event a state property tax is levied and collected. Before any such lower rate is adopted, the county assessor shall call and hold a meeting of the County Board of Review and all township assessors and such lower rate shall be approved by a majority thereof."

While we disagree with the appellees on their first proposition, there is merit in the contention that township assessors have a voice, under the Reassessment Act of 1949, in reducing the aggregate assessed valuation of property in the county in which they officiate and, if, in the present instance, the board of review had the power to act on March 14, 1950, their order of that date is effective.

The appellees' complaint alleges, and the evidence indicates, "that the County Board of Review of Mar-

shall County was in continuous session during the period provided by law from April 1, 1950, to July 5, 1950." By this we presume that notice of the time, place and purpose of such session was given as provided by Burns' Stat., §64-1201, and that the "period provided by law" began on April 1, 1950, and continued until July 5, 1950. Sec. 9 of the Reassessment Act of 1949, Burns' Stat., §64-1019, note, 1951 Replacement provides as follows:

> "The duties of the county assessors, county boards of review, and State Board of Tax Commissioners in respect to such reassessment shall be as now provided by law and shall be performed in the year 1950 *at the times or within the periods now specified by law,* in order that the tax levies for the year 1951 may be estimated and based thereon; provided, however, that in the year 1950 the county board of review in each county shall begin its session not later than April 1." (Emphasis supplied.)

The undisputed evidence shows that the assessment "cut" of 10 percent, which our initial opinion held invalid, was made at a special meeting of the Marshall County Board of Review on March 14, 1950, 17 days before the first day of its 1950 session. Thus it appears that the powers granted the county board of review by §5 of the Act were not exercised "at the times or within the periods now specified by law" as required by §9 of said Act. The law contemplates "one continuous session, to begin and end as provided. Once started, the time continued to run and the time limited by the statute constituted the *term* during which the board could act." (Emphasis supplied.) *McCreery* v. *Ijams* (1945), 115 Ind. App. 631, 59 N. E. 2d 133. In speaking of the session of a county board of review the Supreme Court said: "It is like a

term of court, the duration of which is fixed by law, in which case the court has no authority to act after the expiration of the time limited." *The State, ex rel. Evans, Auditor of State,* v. *McGinnis, Auditor of Marion Co.* (1870), 34 Ind. 452. Analogy indicates that a county board of review is as powerless to act before a given term begins as it is after such term expires.

Rehearing denied.

NOTE.—Reported in 106 N. E. 2d 812.