STAYNER *v.* BRUCE ET AL.

[No. 18,361. Filed February 20, 1953. Rehearing denied April 7, 1953. Transfer denied May 5, 1953.]

468

*Edgar W. Atkinson* and *Hugh G. Sanders,* of Auburn, for appellant.

*Alphonso C. Wood* and *Donald L. Trennepohl,* of Angola, for appellee.

CRUMPACKER, J.—The sole task with which this appeal confronts us is to determine whether the complaint herein is sufficient to override a demurrer for want of facts. The trial court concluded that it is not and so ruled after which the appellant, the plaintiff below, refused to plead over and the judgment is that she take nothing.

The complaint pleads the following facts in substance: Amos W. Beach, a resident of Steuben County, Indiana, died intestate in early September, 1944, and Frank S. Rowley was appointed administrator of his estate on September 12, 1944, and on said day gave due notice thereof by publication in the Steuben Republican, a newspaper of general circulation published weekly in said county. On May 18, 1949, the plaintiff filed a claim against said estate in the office of the clerk of the Steuben Circuit Court which was disallowed by said administrator and transferred to the trial docket of said court. Subsequently the cause was venued to the DeKalb Circuit Court where the regular judge disquali-

fied himself and one Robert Y. Keegan was chosen and appointed a special judge in the matter. The case was tried to a jury which returned the verdict for the appellant in the sum of $848.75. The judgment, entered on November 14, 1951, is as follows:

"It is therefore considered, adjudged and decreed by the court that the claimant Audrey L. Stayner shall recover of and from the defendant estate of Amos W. Beach, Frank S. Rowley administrator, the sum of $848.75 and that the defendant should pay the costs of this action herein made and taxed at $————."

Said judgment remained as entered until April 3, 1952, when Rowley, as administrator of the Beach estate, appeared in the DeKalb Circuit Court and filed a motion to retax the costs on the ground that they had been assesed against the estate instead of against the claimant as required by pertinent statute. That on said day, Robert Y. Keegan, the special judge before whom the case was tried and by whom the court acted in rendering the above judgment, appeared in the DeKalb Circuit Court, assumed jurisdiction, sustained the motion and entered an order assessing the costs of the litigation against the plaintiff. That at the time of so acting the term of court in which the original judgment was entered had long since expired, no motion for a new trial had been filed nor had an appeal been taken from said judgment. That said Keegan was neither the regular judge of the DeKalb Circuit court nor its judge *pro tempore* nor had he been vested with any authority as special judge in the matter except that which attended his appointment *ab initio*.

The complaint further alleges that the order of April 3, 1952, assessing the costs against the plaintiff and entered by a "pretended special judge," if permitted to

stand, will constitute a cloud upon the plaintiff's title to real estate against which she has no adequate remedy at law and she therefore prays the court that said order be expunged from the record, cancelled and held for naught and that the defendant Ralph W. Bruce, as clerk of the DeKalb Circuit Court, be enjoined from certifying such costs to the clerk of the Steuben Circuit Court as a charge against her and that the defendants Frank S. Rowley, administrator of the Amos Beach estate, and Eugene Maloy, as clerk of the Steuben Circuit Court, be enjoined from taking any steps looking to the collection of said costs from her.

It will be noted that as originally filed this complaint made Frank S. Rowley, administrator of the estate of Amos W. Beach, a party defendant and, as we construe it, it constituted a direct attack on the order of April 3, 1952, retaxing costs, and sought injunctive relief from its implementation until such order could be held void and expunged of record. *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687. If said order were to be so expunged and declared void it is obvious that the Beach estate, through its proper representative, was a necessary party to the suit but, for reasons undisclosed by the record, the appellant dismissed her complaint against the estate, and left the court powerless to disturb the controversial order. The complaint then becomes one in which the appellant merely sought to enjoin two court officers from taking any official action to implement and exclude an order of court which stands of record unimpeached and from which no appeal has been or can be taken. The only grounds for injunctive relief being the alleged invalidity of said order it is obvious that this action is a collateral attack thereon, the ultimate effect of which would be to protect the

original judgment in which costs were assessed against the Beach estate.

Court costs were unkown at common law and were not recoverable, *eo nomine,* by either party. In this state the right to recover costs and liability for the payment thereof are matters entirely for the legislature, *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 59 N. E. 471, and courts have no inherent power in connection therewith. Costs cannot be allowed to one party or imposed upon another in the absence of a statute so providing. *State, ex rel.* v. *Freiberg* (1919), 70 Ind. App. 1, 122 N. E. 771. However the determination of which party has the right to recover costs under a statute authorizing their assessment is a judicial process, *Cauthorn* v. *Bierhaus* (1909), 44 Ind. App. 362, 88 N. E. 314, and the court's determination of the question is an integral part of its judgment. *Gescheidler* v. *Nat. Casualty Co.* (1951), 120 Ind. App. 673, 96 N. E. 2d 123. It can be said, we think, that a court is powerless to render judgment for costs in a manner forbidden by statute even though it has jurisdiction of the subject matter and the parties and an attempt to do so is illegal. *Wagner* v. *Peoples Bldg. & Loan Ass'n* (1943), 292 Ky. 691, 167 S. W. 2d 825. It is also true that when a judgment roll shows on its face that the court was without jurisdiction to render the particular judgment involved, its pronouncement is not in fact a judgment and if it grants relief which the law declares shall not be granted, its action is void. *Hodson* v. *O'Keeffe* (1924), 71 Mont. 322, 229 P. 722; *Moroney* v. *State ex rel. Southern Surety Co.* (1934), 168 Okla. 69, 31 P. 2d 926.

If we regard a claim against an estate which has been disallowed and transferred to the trial docket as a

civil suit, §2-3001 Burns' 1946 Replacement, which reads as follows, is applicable:

> "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

This leads us to inquire if a "different provision" is made for the taxation of costs in the trial of claims against estates and we find §6-1001, Burns' 1933, the pertinent part of which provides that "if such claim be filed after the expiration of six (6) months from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant." The appellant's complaint discloses that her claim against the Beach estate was filed more than four years after the administrator thereof was appointed and notice given as provided by law and therefore the court had no statutory authority to assess resulting costs against the estate and in doing so it granted the appellant relief forbidden by law. To that extent such judgment is void. The appellant thus finds herself in this position: She comes into a court of equity and, in effect, says that the DeKalb Circuit Court made a void attempt to correct or modify its judgment to comply with a statutory mandate in reference to the assessment of costs and therefore the clerks of the DeKalb and Steuben Circuit Courts should be restrained from taking any action that would render her void judgment for costs ineffective. We recently held that injunction will not lie where, if granted, it will render effective an illegal act. *State Board of Tax Com'rs.* v. *Stanley* (1952), 123 Ind. App. 64, 105 N. E. 2d 830. See also 43 C. J. S., Injunctions, §33 p. 467. The complaint shows on its face that such would be the effect if the injunctive relief sought were granted and

in our opinion the demurrer thereto was properly sustained.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 511.