342 N.E.2d 642 (1976)
THE BOARD OF COUNTY COMMISSIONERS OF VANDERBURGH COUNTY, Indiana, Shirley Jean Cox, As Clerk of Vanderburgh County, Indiana, Defendants-Appellants, William H. Miller, Judge of the Vanderburgh Circuit Court and Director of the Evansville-Vanderburgh County Bail Bond Project, Intervenor Defendant-Appellant, Indiana Lawyers Commission, Inc., Intervenor Amicus Curiae-Appellant,
v.
Gladys FARRIS, Individually and a Representative for and On Behalf of All Other Persons Similarly Situated, Plaintiffs-Appellees.
No. 1-675A111.
Court of Appeals of Indiana, First District.
March 4, 1976.
Rehearing Denied April 7, 1976.
*643 John D Clouse, Thomas M. Swain, Sydney L. Berger, Evansville, for defendants-appellants.
Theodore Lockyear, Evansville, Frank E. Spencer, Indianapolis, for plaintiffs-appellees.
ROBERTSON, Chief Judge.
This is an appeal by the Board of County Commissioners of Vanderburgh County from the judgment of the trial court ordering the county to refund all sums retained from cash bail bonds posted by the plaintiff-appellee, Farris, and all others similarly situated.
The single issue upon appeal is whether the judgment is contrary to law.
On February 23, 1973, the trial judges of the Vanderburgh Circuit and Superior Courts, and the Evansville City Court, promulgated a bail bond schedule and court order which gave criminal defendants the choice of posting bail bonds, in the amounts set out in the schedule, in one of four ways:
1. surety bonds,
2. property bond,
3. full cash bond, or
4. by depositing with the clerk of the court ten percent (10%) of the bond set out in the schedule in cash.
If the defendant chose the last alternative of depositing only 10% of the bail in cash, the clerk was ordered to retain 10% of the amount deposited (10% of 10%= 1% of bail amount) and return the remainder of the deposit, 90%, to the defendant when the conditions of the bond had been performed. No fee was charged if the defendant chose another method of posting bail.
Beginning on March 1, 1973, the clerk of the Vanderburgh courts complied with the terms of the order. The choices in the method of posting bail were explained by the clerk orally to all defendants or persons posting bail in their behalf. When the defendants chose the option of posting only 10% of the bail bond in cash, they orally assented to the retention of 10% of the amount deposited for administrative bond costs. After June 19, 1973, the defendants chose this method by executing a written agreement.
On June 5, 1973, Farris (plaintiff-appellee) posted on behalf of another a 10% cash deposit bond in the amount of $500.00 on a bail bond in the amount of $5,000.00. On October 2, 1973, the clerk refunded $450.00 to Farris's attorney and retained the remaining $50.00 pursuant to the court order. The defendant in that case had fully complied with the requirements of the bail.
Farris brought this action on behalf of herself and all other persons who had posted 10% cash deposit bonds to recover all amounts posted under authority of the court order. The complaint alleged that the withholding of funds was illegal, unlawful, arbitrary and capricious, and unconstitutional.
The case was tried to the court on September 6, 1974, and the court took the matter *644 under advisement. On January 31, 1975, the court entered judgment in favor of Farris and other members of the class and also entered findings of fact and conclusions of law. The trial court found that retention of 10% of the cash deposits constituted an assessment of costs upon the defendant without legal authority. The court ordered that Farris and other members of the class recover all sums so retained.
The issue upon appeal is whether the trial court's decision is contrary to law.
The judgment of the trial court is based upon its conclusion that retention of 10% of the cash deposit amounted to an assessment of costs against the defendant. A court may award costs only when they are expressly authorized by statute. Stayner v. Bruce (1953), 123 Ind. App. 467, 110 N.E.2d 511; State v. Holder (1973), Ind., 295 N.E.2d 799. Since there is no statute providing for the retention of 10% of the cash bonds, the trial court held that the bail bond order was without legal authority and that retention of those amounts by the clerk was illegal.
It would appear, however, that the 10% fee retained by the clerk was not an assessment of costs. Costs are defined as:
"... allowances authorized by statute to reimburse the successful party to litigation for expenses incurred in his prosecution or defense." 7 I.L.E. Costs § 1, p. 138.
The 10% fee assessed under the bail bond order in the present case was imposed upon all defendants, whether guilty or innocent, who voluntarily chose the 10% cash deposit alternative of posting bail. The amounts were not retained to reimburse the state for the expenses of prosecution, but were merely an administrative fee imposed upon those seeking the obvious benefit of the 10% cash deposit provision in lieu of posting a surety bond, property bond or full cash deposit.
The issue has reached the United States Supreme Court. The Illinois legislature passed a statute which provided for a 10% cash deposit method of posting bail with a 10% retention of the amount posted. It was alleged that this constituted an imposition of court costs. The United States Supreme Court held that the amount retained was an "administrative fee" and not a "cost of prosecution." Schilb v. Kuebel (1971), 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502, affirming the holding by the Illinois Supreme Court, 46 Ill.2d 538, 264 N.E.2d 377.
Thus, the 10% fee is more properly designated an administrative fee, not a cost.
Since the 10% fee is not a cost, its validity does not depend upon a statute expressly allowing such a fee. It would appear that the authority to establish the fee arises from the inherent powers of the court.
The power to establish bail is exclusively judicial and may not be delegated to non-judicial officers. Gregory v. State (1884), 94 Ind. 384. The power to settle bail includes the power to determine the manner of making bail and any administrative fees incurred thereby.
Furthermore, the bail bond system established by the court order in this case is in accord with that recommended by the American Bar Association. The project on Minimum Standards for Criminal Justice, "Standards Relating to Pre-Trial Release" provided as follows:
"5.3 Release on money bail.
(c) Upon finding that money bail should be set, the judicial officer should require one of the following:
(i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;
(ii) The execution of an unsecured bond in an amount specified by the judicial *645 officer, accompanied by the deposit of cash or securities equal to 10 percent of the face amount of the bond. The deposit, less a reasonable administrative fee, should be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or
(iii) the execution of a bond secured by the deposit of the full amount in cash or other property or by the obligation of qualified, uncompensated sureties" (Emphasis added.)
The commentary to the section includes the following:
"Subsection (ii) is modeled on the Illinois 10 percent plan first adopted in 1963. Ill. Rev. Stat. c. 38 § 110-7 (1963).
The premise is that instead of paying a bond premium which is never recovered, the defendant should be allowed to deposit roughly its equivalent (10% of the amount of bail) with the court at the time he executes a personal bail bond. Upon compliance with the conditions of the bond, 90% of the deposit is returned. The system works well and, contrary to some predictions, the rate of forfeiture under the statute is smaller than where surety bonds were required." Bowman, The Illinois Ten Percent Bail Deposit Provision, 1965 U.Ill.L.F. 35, 39.
Finally there are policy reasons which support the bail bond system as implemented in Vanderburgh County. The benefits of the order accure to those persons choosing the 10% cash deposit method because the other means of posting bail were available prior to the order. It seems proper that those persons pay the administrative expenses occasioned by that additional method of posting bail. In addition, those persons who choose the 10% cash deposit under the court order in all likelihood would have had to post a surety bond under the old system and would have given up the full 10% of the face value of the bond as the surety's fee. See: Schilb v. Kuebel, supra.
Judgment reversed and this cause is remanded for the purpose of the trial court entering judgment for the defendants-appellants.
Reversed and remanded.
LOWDERMILK and LYBROOK, JJ., concur.